OPINION
{¶ 1} Third-Party Defendant-appellant Gulf Insurance Company appeals a summary judgment of the Court of Common Pleas of Stark County, Ohio, entered in favor of third-party plaintiff-appellee Kathy Morrison, individually and as executrix of the estate of Mitchell Morrison, deceased. Appellant assigns a single error to the trial court:
 {¶ 2} "Whether the court of common pleas, Stark County, Ohio ("trial court") erred when it granted summary judgment in favor of defendants-third party plaintiffs-appellees, and denied summary judgment in favor of third party defendant-appellant Gulf Insurance Company ("Gulf").
 {¶ 3} Appellant argues the trial court's grant of summary judgment was incorrect as a matter of law, on undisputed facts.
 {¶ 4} The trial court set forth the facts in its judgment entry of July 18, 2002. On November 13, 1999, Mitchell J. Morrison was operating his bicycle in a westerly direction on State Street in Stark County, Ohio. Kenneth Wilcox, traveling east on State Street, failed to yield the right-of-way and struck Mr. Morrison's bicycle, injuring Morrison. As a direct and proximate result of the negligence of Kenneth Wilcox, Mr. Morrison sustained serious bodily injury leading to his death on December 17, 1999.
 {¶ 5} On the date of the accident, Morrison lived with his wife, Kathy Morrison, and their three children in Uniontown, Ohio. The tortfeasor, Kenneth Wilcox, carried automobile liability insurance coverage through Progressive Insurance Company with limits of $12,500 per person and $25,000 per accident. Progressive Insurance paid its limits to the estate of Mitchell Morrison.
 {¶ 6} State Farm Mutual Insurance Company insured Mr. And Mrs. Morrison with UM/UIM coverage with limits of $250,000 per person and $500,000 per accident. State Farm paid its underinsured motorist limit less a set-off of the tortfeasor's liability limit to the Estate of Mitchell Morrison.
 {¶ 7} On the day of the accident, Kathy Morrison was a full-time employee of the University of Akron, a corporation. On that date, plaintiff St. Paul Fire Marine Insurance Company, which is not a party to this appeal, insured the University of Akron. The St. Paul policy provided business auto coverage, which expressly included UM/UIM coverage with $1,000,000 limits; general liability coverage also with $1,000,000 limits; and umbrella liability coverage with $4,000,000 limits.
 {¶ 8} In addition to the St. Paul policy, Akron University also had an excess liability policy issued by appellant/third-party defendant Gulf, which provided excess liability coverage with $95,000,000 limits.
 {¶ 9} Appellant Gulf Insurance expressly agreed that its policy "follows form" to the St. Paul policy, and specifically provides if a claim is covered under the St. Paul policy, then the Gulf policy also covers the claim.
 {¶ 10} On July 5, 2002, appellees and St. Paul stipulated a settlement had been reached and St. Paul only was dismissed from the case. St. Paul tendered its limits up to $5,000,000, but expressly refused to acknowledge Mitchell Morrison or any of the beneficiaries of Mitchell Morrison are insureds under St. Paul's policies.
 {¶ 11} The trial court found appellee is entitled to coverage from the Gulf excess policy.
 {¶ 12} The trial court cited Scott-Pontzer v. Liberty Mutual FireInsurance Company, 85 Ohio St.3d 666, 1999-Ohio-292, 710 N.E.3d 1116, andMoore v. State Auto Mutual Insurance Company, 88 Ohio St.3d 27,2000-Ohio-264, 723 N.E.3d 97.
 {¶ 13} In Moore, supra, the Ohio Supreme Court held that the uninsured motorist statute in effect at the time did not permit an insurer to limit uninsured motorist coverage in such a way that an insured motorist must suffer bodily injury, sickness, or disease in order to recover damages from the insurer, and if the policy contains any such limitation, the clause is invalid and unenforceable.
 {¶ 14} In Scott-Pontzer, supra, the Supreme Court held under the policy language in the case, a corporation's employees are insureds entitled to UM/UIM coverage, whether they are acting within scope of their employment, or not.
 {¶ 15} Since the announcement of the Scott-Pontzer case, this court has had numerous opportunities to review the language in various policies. Two of our cases which cast light on the nuances of contract language after Scott-Pontzer are Dalton v. Traveler's Insurance Company,2002-Ohio-7369, Stark Appellate Nos. 2001-CA-0038, 2001-CA-00393,
2001-CA-407, 2001-CA-00409, and Shortt v. St. Paul Insurance Company,2002-Ohio-7371, Coshocton Appellate No. 2002-CA-004. In each, this court reviewed the contract language, and applied the Scott-Pontzer rationale.
 {¶ 16} In seminal case of Scott-Pontzer, the UM indorsement defined the insured as "1. You. 2. If you are an individual, any family members."
 {¶ 17} In Dalton, supra, we reviewed several insurance policies. For example, the Traveler's Indemnity Company of Illinois' commercial automobile policy, the UM/UIM motorists provision defines an insured using the same language as in Scott-Pontzer. Likewise, the Grange commercial automobile insurance policy and general liability policy also mirrored the language in Scott-Pontzer.
 {¶ 18} In Dalton, we applied Scott-Pontzer to the various policies named above, and found coverage for the employee, and family members.
 {¶ 19} In Shortt, by contrast, the policy in question defined the terms "you, your, and your's" as "* * * the named insured here, which is a corporation, the Longaberger Company." Below this, it states that insured names will continue on the back of the introduction page. On the back of the introduction page was the name of David W. Longaberger.
 {¶ 20} The policy in Shortt, outlines the persons protected under the agreement as "you, and if you are named in the introduction as an individual, you and your family members are protected persons."
 {¶ 21} We found the above language significantly different from the language in Scott-Pontzer. We found the employee, Rose Shortt, was covered by virtue of her employment by the corporation, and the naming of David Longaberger as an additional insured individual did not defeat the ambiguity within the word "you" as applied to the corporation. We found, however, Rose Shortt's minor son Tyler was not covered. We reasoned that while Rose Shortt is included by virtue of her employment status, she was not named in the introduction as an individual. Only persons named in the introduction as an individual have coverage for their family members.
 {¶ 22} The language in the St. Paul policy at bar defines who is protected under this agreement, " Individual. You are protected, also, if you are named in the introduction as an individual, you and your family members are protected persons." The St. Paul policy defines the words "you, your, and yours," as the named insured, which is a corporation, the University of Akron.
 {¶ 23} We find the language in the St. Paul policy before us is like that of the policy in the Shortt case, because they both clearly and unambiguously restrict coverage for family members to the family members of persons named in the policy as individuals. We find Scott-Pontzer does not apply to appellee's family members.
 {¶ 24} The inclusion of the word "you" as an insured, referring only to the University of Akron, creates the ambiguity the Supreme Court found in Scott-Pontzer, and results in coverage for the employee, Kathy Morrison, individually.
 {¶ 25} Next, appellant argues as a political subdivision, the University of Akron cannot purchase insurance pursuant to R.C. 2744.01
and 2744.081.
 {¶ 26} In Mizen v. Utica National Insurance Group147 Ohio App.3d 274, 2002-Ohio-37, 770 N.E.2d 97, the Court of Appeals for Cuyahoga County held nothing in the Revised Code or in case law prohibited a political subdivision from purchasing UM/UIM insurance for its employees. The court further found no reason not to apply the Supreme Court's reasoning in Scott-Pontzer v. Liberty Mutual Fire Insurance Co.,85 Ohio St.3d 660, 1999-Ohio-292, 710 N.E.2d 116, and Ezawa v. YasudaFire Marine Insurance Company, 86 Ohio St.3d 557, 1999-Ohio-124,715 N.E.2d 1142.
 {¶ 27} We agree with the Eighth District Court of Appeals.
 {¶ 28} Finally, appellant argues it is not obligated to pay damages to appellees because appellees had not exhausted the St. Paul general liability policy.
 {¶ 29} Appellees dismissed their claim against the policy because this court has held UM/UIM coverage is not mandated by operation of law in general liability policies after H.B. 261, see, e.g., Pugh v. ErieInsurance Exchange, (October 28, 2002), Stark App. No. 2002CA00134,2002-Ohio-5929.
 {¶ 30} We find appellant's argument has no merit, and appellees exhausted all applicable portions of the St. Paul policy.
 {¶ 31} The assignment of error is sustained in part and overruled in part.
 {¶ 32} For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed in part and reversed in part, and the cause is remanded to that court further proceedings in accord with law and consistent with this opinion.
Wise and Hoffman, JJ., concur.