Linda MYERS, et al, Plaintiffs–
Appellants,

v.

**OLD REPUBLIC INSURANCE
COMPANY, Defendant–
Appellee.**

No. 02–3017.

United States Court of Appeals,
Sixth Circuit.

May 29, 2003.

Before KENNEDY, SILER and
GILMAN, Circuit Judges.

PER CURIAM.

Plaintiffs–Appellants Linda Myers and
her husband, Dale Myers, (Plaintiffs) ap-
peal the district court's grant of summary
judgment in favor of Defendant–Appellee
Old Republic Insurance Company (Old Re-
public) in this insurance coverage dispute.
Linda Myers was injured in a car accident
when the vehicle she was driving was
struck by an uninsured motorist. Because
Plaintiffs' damages exceeded the amount
of uninsured/underinsured motorist
(UM/UIM) coverage provided under their
personal automobile insurance policy,
Plaintiffs presented a claim for UM/UIM
coverage to Old Republic, the issuer of a
commercial automobile insurance policy is-
sued to Ryder Logistics & Transportation

(Ryder), Dale Myers' employer. Plaintiffs then brought this declaratory judgment action seeking coverage under the Old Republic policy pursuant to *Scott–Pontzer v. Liberty Mutual Fire Insurance Company*, 85 Ohio St.3d 660, 710 N.E.2d 1116 (1999), *Koichiro Ezawa, et al v. Yasuda Fire and Marine Insurance Company of America*, 86 Ohio St.3d 557, 715 N.E.2d 1142 (1999), and *Linko v. Indemnity Insurance Company*, 90 Ohio St.3d 445, 739 N.E.2d 338 (2000). *Linko* sets forth the requirements for a valid offer and rejection of UM/UIM coverage under R.C. § 3937.18, as established by Ohio case law. *Id.* at 449–50, 739 N.E.2d 338. An insurer's failure to make a valid offer of UM/UIM coverage results in the invalidation of a rejection of UM/UIM coverage, causing coverage to be implied in the policy by operation of law. *Gyori v. Johnston Coca–Cola Bottling Group*, 76 Ohio St.3d 565, 568, 669 N.E.2d 824 (1996). Defendant failed to provide premium information as required by *Linko*.

The district court granted summary judgment to Old Republic, holding that R.C. § 3937.18(C), as amended in 1997 by House Bill 261, controlled its analysis of whether Ryder had successfully rejected UM/UIM coverage. It held that while *Linko* was decided after the statute was passed, the Ohio Supreme Court's opinion did not refer to the statute or decide the effect of the statute and that the statute supercedes *Linko's* requirements. Plaintiffs appealed.

The effect of HB 261 was certified to the Ohio Supreme Court by the United States District Court for the Northern District of Ohio, Western Division and answered on December 24, 2002. The questions and answers were as follows:

{2} "(1) Are the requirements of *Linko v. Indemnity Ins. Co.* [2000], 90 Ohio St.3d [445], 739 N.E.2d 338], relative to an offer of UM/UIM coverage, applicable to a policy of insurance written after the enactment of [1997] HB 261 and before [2001] SB 97?"

{3} "(2) If the *Linko* requirements are applicable, does, under [1997] HB 261, a signed rejection act as an effective declination of UM/UIM coverage, where there is no evidence, oral or documentary, of an offer of coverage?"

{4} We answer certified question No. 1 in the affirmative and certified question No. 2 in the negative.

*Kemper, et al v. Michigan Millers Ins. Co.*, 98 Ohio St.3d 162, 781 N.E.2d 196 (2002). Because the district court's decision is contrary to the Ohio Supreme Court's recent holding in *Kemper*, we REVERSE the district court's summary judgment in favor of Old Republic.

Old Republic argues that this Court should affirm the district court's summary judgment on grounds that were not addressed by that court. Old Republic argues that Linda Myers is not an insured to whom UM/UIM coverage extends even if such coverage is implied by law because a 1997 amendment to § 3937.18 requires UM/UIM coverage to be offered to those persons insured under the policy, not their family members, and the policy does not contain the ambiguous "you" language that the *Ezawa* court construed to extend coverage to family members. We note, however, that Endorsement No. 33 appears to include the same ambiguous "you" policy language construed by the *Ezawa* court and that Old Republic concedes this conclusion in its second alternative argument. As a result, we decline to affirm the district court's decision on this ground.

Old Republic then argues that if Endorsement No. 33 governs the coverage by operation of law, Plaintiffs are still not

entitled to benefits because (1) under the "other owned auto" exclusion, a valid limitation to uninsured motorist coverage exists, and (2) because they failed to preserve Old Republic's subrogation rights against the UM/UIM motorist who caused the accident. We decline to decide these questions in the first instance and, therefore, REMAND this case to the district court for further proceedings.[1]

---

1. The district court did not rule on these issues and the record is incomplete as to ownership of the automobile driven by Mrs. Myers and the conduct of the parties regarding subrogation.