DECISION
{¶ 1} Plaintiff-appellant/cross-appellee, Louise Fisher ("appellant"), appeals from the judgment of the Franklin County Court of Common Pleas granting summary judgment in favor of defendant-appellee/cross-appellant, National Fire Insurance Company of Hartford ("appellee"), and denying appellant's motion for partial summary judgment. Appellee has filed a cross-appeal. For the reasons that follow, we affirm.
 {¶ 2} In March 2000, appellant was injured while a passenger in a car driven by Lisa Starks. Starks' negligence was the sole cause of the injury suffered by appellant. Starks was an underinsured motorist.
 {¶ 3} At the time of the accident, appellant's daughter, Nina Jackson, worked for Isabelle Ridgeway Nursing Center ("IRNC"). IRNC was the named insured under a policy issued by appellee, which included underinsured motorist coverage. Based on the Ohio Supreme Court's decisions in Scott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999),85 Ohio St.3d 660, and Ezawa v. Yasuda Fire Marine Ins. Co.
(1999), 86 Ohio St.3d 557, appellant seeks underinsured motorist coverage under that policy as a family member of an insured employee.
 {¶ 4} The trial court made three determinations in this declaratory judgment action. First, the policy's "covered auto" restriction was invalid. Second, the policy covered the corporation's employees pursuant to Scott-Pontzer. Third, the policy did not cover appellant because, though she is a family member of an employee, she was not a resident of the employee's household on the date of the accident.
 {¶ 5} Appellant sets forth a single assignment of error:
I. The trial court erred when it granted summary judgment for the defendant insurance company by finding, as a matter of law, that the plaintiff was not an insured under the commercial policy since the plaintiff was not a resident of her daughter's household, even though the court determined that the same daughter was a resident of the plaintiff's household.
 {¶ 6} Appellee's cross-appeal also sets forth a single assignment of error:
The trial court erred in concluding that an adult who is married and maintains her own residence with her spouse and son can be considered a "dual resident" of another adult's household.
 {¶ 7} On November 5, 2003, the Ohio Supreme Court issued its decision in Westfield Ins. Co. v. Galatis, 100 Ohio St.3d 216,2003-Ohio-5849. In Galatis, at paragraph three of its syllabus, the court held:
Where a policy of insurance designates a corporation as a named insured, the designation of "family members" of the named insured as other insureds does not extend coverage to a family member of an employee of the corporation, unless that employee is also a named insured. Ezawav. Yasuda Fire Marine Ins. Co. of Am. (1999), 86 Ohio St.3d 557,715 N.E.2d 1142, overruled.)
 {¶ 8} The insurance policy at issue here designates a corporation, IRNC, as a named insured. Appellant's daughter is an employee of IRNC, but she is not a named insured. Therefore, as a matter of law, any insurance coverage that the policy might provide to an employee of IRNC does not extend to that employee's family members, i.e., to appellant.Galatis, paragraph three of syllabus. The trial court correctly ruled that the policy at issue does not provide coverage to plaintiff, albeit for a different reason. Appellant's first assignment of error is therefore overruled.
 {¶ 9} Appellee's cross-appeal contends that its policy only provides coverage to a family member who is "a resident of your household," and that appellant is not entitled to coverage because she is not a resident of her daughter's household. As set forth above, Galatis
eliminates coverage that arises pursuant to Scott-Pontzer for an employee's family members, unless the employee is also a named insured. In this case, the employee is not a named insured. Thus, the policy provides no coverage for appellant at all, no matter whose residence she lives in. We therefore need not reach the "dual residency" issue that appellee raises in its cross-appeal. Appellee's cross-assignment of error is therefore rendered moot.
 {¶ 10} Pursuant to Galatis, appellant's first assignment of error is overruled. Appellee's cross-assignment of error is rendered moot. For the foregoing reasons, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
BRYANT and LAZARUS, JJ., concur.