[This opinion has been published in *Ohio Official Reports* at 86 Ohio St.3d 557.]

EZAWA, A MINOR, ET AL., APPELLANTS, *v.* YASUDA FIRE & MARINE INSURANCE COMPANY OF AMERICA, APPELLEE.

[Cite as *Ezawa v. Yasuda Fire & Marine Ins. Co. of Am.*, 1999-Ohio-124.]

*Automobile liability insurance—Underinsured motorist coverage—R.C. 3937.18— Scope of coverage of employer's commercial automobile liability policy for employee's child injured in an accident.*

(No. 98-1686—Submitted June 22, 1999—Decided September 22, 1999.)

APPEAL from the Court of Appeals for Franklin County, No. 97APE10-1343.

———————————

*Schottenstein, Zox & Dunn, Kris M. Dawley* and *Edwin L. Skeens*, for appellants.

*Ulmer & Berne, L.L.P., Alexander M. Andrews* and *Margaret C. Bettendorf*, for appellee.

———————————

{¶ 1} The discretionary appeal is allowed.

{¶ 2} The judgment of the court of appeals is reversed on the authority of *Scott-Pontzer v. Liberty Mut. Fire Ins. Co.* (1999), 85 Ohio St.3d 660, 710 N.E.2d 1116.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

LUNDBERG STRATTON, J., dissents.

———————————

**LUNDBERG STRATTON, J., dissenting.**

{¶ 3} I respectfully dissent for the reasons set forth in my dissenting opinion in *Scott-Pontzer v. Liberty Mut. Fire Ins. Co.* (1999), 85 Ohio St.3d 660, 667, 710 N.E.2d 1116, 1121.

{¶ 4} Koichiro Ezawa, a minor, was injured in an accident while a passenger in an automobile driven by Diedre Soler. Ezawa's damages exceeded the $250,000 per person limit of Soler's liability insurance policy. At the time of the accident, Ezawa's father, Fumiko Ezawa, was employed by Tomasco Mulciber, Inc. ("Tomasco"). Tomasco had a business automobile insurance policy issued by appellee Yasuda Fire & Marine Insurance Company of America ("Yasuda"). Although Ezawa was injured by a third party who was not a Tomasco employee and was not in a vehicle covered by Tomasco's insurance policy, Ezawa and his father, nevertheless, made an underinsured motorists ("UIM") claim against the Yasuda policy issued to Fumiko Ezawa's employer.

{¶ 5} The trial court granted Yasuda's motion for judgment on the pleadings because, based on the unambiguous language in the Yasuda policy, Koichiro was not an "insured" as that term is defined in the policy. The court of appeals affirmed.

{¶ 6} The Yasuda policy was issued to a corporation. According to the language of the policy, UIM coverage extends to family members of the insured *only* if the named insured is an individual. Here, it is not. Yet the majority applies its convoluted reasoning in *Scott-Pontzer* to once again extend the reach of UIM coverage. Now a corporate policy must afford UIM coverage to an employee's minor son who was injured by a non-employee while riding in a non-covered vehicle and whose injuries had nothing to do with the corporation's business.

{¶ 7} Pandora's Box continues to release its contents.

_____

2