Without so stating, the majority has reversed the trial court's conclusion that the law governing the claims against the Federal GCL and "garage" policies is R.C. 3937.18 as it existed prior to its 1997 amendment by Am. Sub. H.B. 261. Applying Wolfe v. Wolfe (2000),88 Ohio St.3d 246, the trial court found that the policy period applicable to this accident commenced on October 16, 1996, and the terms of the contract could not be altered until October 16, 1998, the two year anniversary date of its renewal. Therefore, the trial court concluded, the law governing this contract was R.C. 3937.18 as enacted in 1994. In my view, this was a proper conclusion. See, Erie Metroparks v. Key Bank
(2001) 145 Ohio App.3d 782, 789, citing 11 Williston on Contracts (1999) 203, Section 30.19.
In 1994, R.C. 3937.18 contained no reference to compliance with the Financial Responsibility Act in defining the types of automobile insurance policy to which underinsured motorists coverage must be appended. It is the same version of the statute to which Selander v. ErieIns. Group, supra, applied. The trial court's reasoning to this point is persuasive.
Where the trial court refused to find coverage under the Federal GCL policy was a contract provision which precludes coverage of "aircraft, auto or watercraft," subject to certain exceptions. The exception relating to auto coverage: "C. parking an auto on, or on the ways next to premises you own or rent * * *" does not give rise to auto coverage (and the statutory duty to offer UM/UIM coverage) because, the trial court found, "[t]he word `parking' is defined * * * as `the leaving of a vehicle * * *.'" "[L]eaving a vehicle," according to the trial court, can hardly indicate an intent to provide highway insurance.
I would suggest that the word "parking" is ambiguous, with at least one common definition being, "To bring (a vehicle) to a stop and keep standing at the edge of a public way." Merriam Webster's Collegiate Dictionary (10 Ed. 1996) 845. Construing the ambiguity against Federal and applying Selander, I would find that the Federal GCL policy did provide auto coverage and, therefore, UM/UIM coverage should have been offered. Because it was not, coverage arose as a matter of law and without restriction. Scott-Pontzer at 666.
With respect to the Federal "garage" policy, the trial court found that UM/UIM coverage should have been offered, but concluded that the language of the policy did not include family members, thus excluding Tina Devore. Since UM/UIM coverage arises as a matter of law, coverage also extends to family members. Ezawa v. Yasuda Fire Marine Ins. Co. ofAmerica (1999), 86 Ohio St.3d 557.
Accordingly, with respect to Tina Devore, I would reverse the trial court and find coverage under the Federal policies.