JOURNAL ENTRY AND OPINION.
{¶ 1} Plaintiff-appellant, Theresa Sekula ("appellant"), appeals the decision of the Cuyahoga County Common Pleas Court that granted the motion for summary judgment filed by defendant-appellee, Hartford Insurance Company ("Hartford") and declared that appellant was not an insured under an automobile policy of insurance issued to the husband of appellant's employer. For the reasons that follow, we reverse and remand.
 {¶ 2} The record reveals that on May 12, 1994 appellant was a passenger in a vehicle driven by her daughter when that vehicle was struck by a vehicle driven by Andrew Kocka. At the time of the accident, appellant's husband, David Sekula, was employed by Anchor Tool Die, which had in effect an automobile policy of insurance with Hartford. In October 1997, appellant settled and released all claims she had against Kocka and his insurer.
 {¶ 3} In November 2000, appellant filed the within declaratory judgment action seeking a declaration that she is an insured under the Hartford policy and therefore entitled to underinsured motorist benefits according to the reasoning set forth in Scott-Pontzer v. Liberty Mut.Fire Ins. Co. (1999), 85 Ohio St.3d 660 and Ezawa v. Yasuda Fire Marine Ins. Co. of America (1999), 86 Ohio St.3d 557. Hartford moved for summary judgment, arguing that appellant was not an insured under the policy and, even if she were so, she failed to timely notify Hartford of her claim thereby destroying Hartford's right of subrogation.
 {¶ 4} In its order granting Hartford's motion, the trial court found appellant not to be an insured under the policy on the basis that a "Drive Other Car Coverage — Broadened Coverage for Named Individuals" endorsement amended the policy to include five individually named insureds in addition to the corporation. The court reasoned:
 {¶ 5} "[Hartford] argues because the Endorsement specifically names individuals as insured for purposes of UM/UIM coverage, the term `you' refers to these individuals, and is not rendered meaningless even though it also refers to corporate named insured. This reasonable interpretation, which was not possible under the facts of Scott-Pontzer, gives effect to all provisions of the UM/UIM Endorsement without unduly expanding the terms provided in the Hartford Auto Policy, and extending coverage beyond the intent of the contracting parties."
 {¶ 6} Finding Hartford's argument persuasive, the court determined that the Hartford policy "does not suffer from the same ambiguities because the policy specifically identifies individual persons capable of suffering bodily injury or death, and * * * [t]herefore, the ambiguity in the word `you[,]' which was irreconcilable in Scott-Pontzer[,] is not present in the Hartford Auto Policy." The court thereafter concluded that appellant was not a family member of an insured under the policy. And, although it found Hartford's subrogation argument persuasive, the trial court did not address that issue.
 {¶ 7} Appellant is now before this court and complains that the trial court inappropriately granted summary judgment in favor of Hartford.
 {¶ 8} An appellate court reviews a trial court's decision on a motion for summary judgment de novo. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105. Summary judgment is appropriate when, construing the evidence most strongly in favor of the nonmoving party, (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, that conclusion being adverse to the nonmoving party. Zivichv. Mentor Soccer Club, Inc. (1998), 82 Ohio St.3d 367, 369-370, citingHorton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679, paragraph three of the syllabus; see, also, Civ. R. 56(C).
 {¶ 9} This court has recently addressed this issue in Addie v.Linville, Cuyahoga App. Nos. 80547 80916, 2002-Ohio-5333. As in this case, the policy at issue contained an endorsement naming specific individuals in addition to the named corporate insured.
 {¶ 10} "Primarily, we reject the notion that the holding ofScott-Pontzer does not apply because a separate endorsement modifies the Business Auto Coverage Form of the liability policy to add certain named individuals to the definition of who is an insured contained therein. We note that the particular endorsement relied upon does not substitute for, but rather explicitly adds to, the definition of who is an insured in the Business Auto Coverage Form. Thus, the ambiguity found inScott-Pontzer remains and the ambiguous `you' must still be deemed to include employees of the corporate entity identified as the `Named Insured.'" Id. at ¶ 43; see, also, Burkhart v. CNA Ins. Co., 5th Dist. No. 2001CA00265, 2002-Ohio-903, appeal granted, 96 Ohio St.3d 1438,2002-Ohio-334. Accord Brozovic v. St. Paul Fire Marine Ins. Co., Cuyahoga App. No. 80868, 2003-Ohio-554; Warren v. Hartford Ins. Co., Cuyahoga App. No. 81139, 2002-Ohio-7067; cf. Mlecik v. Farmers Ins. ofColumbus, Inc., Cuyahoga App. No. 81110, 2002-Ohio-6222.
 {¶ 11} Consequently, naming specific individuals on an endorsement only serves to broaden the definition of an insured rather than restrict that definition or otherwise make unambiguous the infamously ambiguous "you" at issue in Scott-Pontzer. Thus, according to the tortured reasoning of Scott-Pontzer, the trial court incorrectly concluded that appellant was not an insured under the Hartford policy.
 {¶ 12} Appellant's sole assignment of error is well taken and is sustained.
Reversed and remanded.
FRANK D. CELEBREZZE, JR., J., and JAMES J. SWEENEY, J., concur.