OPINION
{¶ 1} On May 30, 1996, Brandon Campbell sustained fatal injuries in a motor vehicle accident while at work for Briarwood Landscape Nursery, caused by the negligence of a co-worker.
 {¶ 2} At the time of the accident, Brandon's mother, Carol Campbell, was employed by Ohio Kentucky Oil, insured under a business auto policy issued by Great Northern Insurance Company.
 {¶ 3} On June 7, 2002, Brandon's father, Ric Campbell, individually and as executor of the estate of Brandon Campbell, together with other next of kin, filed a complaint for declaratory judgment seeking underinsured motorists benefits from various insurance companies. Great Northern was added as a party on October 9, 2002.
 {¶ 4} All parties filed motions for summary judgment. By judgment entry filed January 17, 2003, the trial court found appellees were entitled to underinsured motorists benefits under the Great Northern policy.
 {¶ 5} Great Northern filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 6} "The Trial Court Erred In Finding That Plaintiff Is Entitled To UM/UIM Coverage Under Great Northern's Business Auto Policy Issued To Ohio Kentucky Oil."
 II {¶ 7} "The Trial Court Erred In Failing To Hold That Great Northern Is Entitled To A $515,000 Set Off."
 I {¶ 8} Great Northern claims the trial court erred in extending coverage under its business auto policy pursuant to Scott-Pontzer v.Liberty Mut. Fire Ins. Co., 85 Ohio St.3d 660, 1999-Ohio-292, and Ezawav. Yasuda Fire Marine Ins. Co., 86 Ohio St.3d 557, 1999-Ohio-124.
 {¶ 9} The Great Northern policy contained express uninsured/underinsured motorist coverage. The definition of an "insured" under the uninsured/underinsured motorist provisions of the policy is similar to the definition in Scott-Pontzer. See, Section B of the Ohio Uninsured Motorists Coverage — Bodily Injury, attached to Plaintiffs' Complaint as Exhibit B. Based upon the Supreme Court of Ohio's recent decision in Westfield Insurance Co. v. Galatis,
100 Ohio St.3d ___, 2003-Ohio-5849, we find appellees are not insureds under the policy.
 {¶ 10} Assignment of Error I is granted. Assignment of Error II is moot.
 {¶ 11} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby reversed.
By Farmer, J. Hoffman, P.J. and Wise, J. concur.