OPINION
{¶ 1} On May 30, 1996, Brandon Campbell sustained fatal injuries in a motor vehicle accident while at work for Briarwood Landscape Nursery, caused by the negligence of a co-worker.
 {¶ 2} At the time of the accident, Brandon's father, appellee, Ric Campbell, was employed by The Timken Company, insured under a commercial automobile policy issued by American and Foreign Insurance Company.
 {¶ 3} On June 7, 2002, appellee, individually and as executor of the estate of Brandon Campbell, together with other next of kin, filed a complaint for declaratory judgment seeking underinsured motorists benefits from various insurance companies.
 {¶ 4} All parties filed motions for summary judgment. By judgment entry filed January 17, 2003, the trial court found appellees were entitled to underinsured motorists benefits under the American commercial automobile policy.
 {¶ 5} American filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 6} "The Trial Court Erred In Denying Afic's Motion For Summary Judgment Relative To Its Commercial Automobile Policy Issued To The Timken Company."
 II {¶ 7} "The Trial Court Erred By Holding That The UM/UIM Rejection Form Whereby The Timken Company Rejected UM/UIM Coverage Under Afic's Commercial Automobile Liability Policy Was Invalid."
 III {¶ 8} "The Trial Court Erred In Holding That Brandon D. Campbell, Family Member Of Ric Campbell, Was An Insured Under Afic's Business Automobile Policy If Coverage Is Imposed As A Matter Of Law."
 IV {¶ 9} "The Trial Court Erred In Holding That Plaintiffs Were Insureds Under Afic's Business Automobile Policy."
 V {¶ 10} "The Trial Court Erred In Holding That The Exclusions And Conditions Of The Policy Are Not A Bar To Plaintiff-appellees' Claims."
 VI {¶ 11} "The Trial Court Erred In Holding That The Timken Company Is Not Self Insured In The Practical Sense Subject To R.C. § 3937.18."
 VII {¶ 12} "The Trial Court Erred By Failing To Recognize That Afic Is Entitled To A Declaration That Plaintiff-appellee Is Subject To The $1.5 Million Dollar Deductible Set Forth In Afic's Commercial Automobile Policy Issued To The Timken Company."
 I, III, IV {¶ 13} American claims the trial court erred in extending coverage under its commercial automobile policy pursuant to Scott-Pontzer, supra, and Ezawa v. Yasuda Fire and Marine Ins. Co., 86 Ohio St.3d 557,1999-Ohio-124.
 {¶ 14} The American policy did not contain express uninsured/underinsured motorist coverage. Looking to the liability portion of the policy, the definition of an "insured" is similar to the definition in Scott-Pontzer. See, Section II(A)(1) of the Business Auto Coverage Form, attached to Royal SunAlliance's [American's] Motion for Summary Judgment filed under seal November 12, 2002 as Exhibit 1. Based upon the Supreme Court of Ohio's recent decision in WestfieldInsurance Co. v. Galatis, 100 Ohio St.3d ___, 2003-Ohio-5849, we find appellees are not insureds under the policy.
 {¶ 15} Assignments of Error I, III and IV are granted. The remaining assignments of error are moot.
 {¶ 16} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby reversed.
By Farmer, P.J., Hoffman, P.J. and Wise, J. concur.