OPINION
{¶ 1} This uninsured motorist case arises out of an automobile accident that occurred near midnight on November 25, 1999 on Interstate 71 in Columbus, Ohio. The accident was caused by the negligence of Andre Jennings when Jennings' vehicle struck a 1990 Toyota Camry owned and operated by Madhu Venkatachalam and occupied by his wife, Ponni Venkatachalam, his minor daughter, Sruthi Venkatachalam, and his parents, Sarojini and Kaliappa Venkatachalam. At the time of the accident, the Venkatachalams were returning home from visiting a place of worship in Pittsburgh, Pennsylvania. All the Venkatachalams suffered bodily injury as a result of the accident, and Kaliappa Venkatachalam died as a result of the injuries he sustained in the accident.
 {¶ 2} The vehicle driven by Andre Jennings was titled in the name of Enterprise Rental Car ("Enterprise"), and the liability insurer of Enterprise denied coverage to Jennings.
 {¶ 3} At the time of the accident, Madhu and Ponni Venkatachalam were the named insureds in a policy of personal automobile insurance issued by defendant-appellant, Progressive Preferred Insurance Company ("Progressive"), that insured the 1990 Toyota Camry and provided uninsured motorists coverage to all occupants of that vehicle with policy limits of $100,000 per person and $300,000 per accident. The uninsured claims of Madhu Venkatachalam, as administrator of the estate of Kaliappa Venkatachalam, Madhu Venkatachalam, Sarojini Venkatachalam, and Sruthi Venkatachalam were resolved by settlement for a total of $200,000. As to Progressive, only the UM claim of Ponni Venkatachalam remains.
 {¶ 4} At the time of the accident, Madhu Venkatachalam was employed by RMT, Inc., and Drug Emporium, Inc. employed his wife Ponni. RMT was the named insured on a policy of insurance issued by plaintiff-appellee, Commerce Industry ("Commerce"). Drug Emporium, Inc. was the named insured in a policy issued by defendant-appellee and cross-appellant, CGU Insurance Company ("CGU").
 {¶ 5} Following the holdings of the Ohio Supreme Court inScott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999), 85 Ohio St.3d 660, and Ezawa v. Yasuda Fire Marine Ins. Co. of Am. (1999),86 Ohio St.3d 557, the Venkatachalams pursued claims for insurance coverage with the various insurers involved in this action. In response, Commerce filed an action for a declaratory judgment in the Franklin County Court of Common Pleas. All the parties moved for summary judgment, and stipulated to the facts.
 {¶ 6} On November 6, 2002, the trial court rendered a decision denying coverage by Commerce and CGU based on "covered auto" exclusions in those policies. On January 10, 2003, the trial court entered judgment. In pertinent part, the trial court's declaratory judgment stated that Commerce and CGU were not obligated to pay uninsured motorist benefits to the Venkatachalams, but that Progressive was required to pay uninsured motorist benefits up to a total of $100,000 to Ponni Venkatachalam because she qualified as an insured under the Progressive policy.
 {¶ 7} The Venkatachalams appealed, assigning as error the following:
The trial court committed reversible error when it declare [sic] that the motor vehicle owned and operated by Appellant, Madhu Venkatachalam was not a "covered auto."
Progressive also appealed, assigning as error the following:
The trial court erred in granting the motions for summary judgment filed by appellees Commerce Industry Insurance and CGU Insurance and in denying the motion for summary judgment of appellant Progressive Preferred Insurance Company.
 {¶ 8} CGU filed a conditional cross-appeal in the event this court reversed or modified the judgment of the trial court.
 {¶ 9} On November 5, 2003, after briefing and oral argument of this matter before this court, the Ohio Supreme Court decided Westfield Ins.Co. v. Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849. The Ohio Supreme Court's decision limited the holding of Scott-Pontzer, supra, and overruled Ezawa, supra. In pertinent part, the court held that "[a]bsent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment." Westfield, at paragraph two of the syllabus. Paragraph three of the syllabus reads, "Where a policy of insurance designates a corporation as a named insured, the designation of `family members' of the named insured as other insureds does not extend insurance coverage to a family member of an employee of the corporation, unless that employee is also a named insured."
 {¶ 10} Here, neither Madhu Venkatachalam nor Ponni Venkatachalam were acting in the course and scope of their employment at the time of the accident. In his affidavit, Madhu Venkatachalam indicated that he and his family were returning from visiting a place of worship when they were involved in the accident that claimed his father's life.
 {¶ 11} Therefore, appellants were not within the course and scope of employment for either employer and no coverage arises.
 {¶ 12} Accordingly, appellants' assignments of error are overruled, the cross-appeal is moot, and the judgment of the court of common pleas is affirmed on the authority of Westfield Ins. Co., supra.
Judgment affirmed.
PETREE, P.J., and DESHLER, J., concur.
DESHLER, J., retired, of the Tenth Appellate District, assigned to active duty under the authority of Section 6(C), Article IV, Ohio Constitution.