DECISION AND JUDGMENT ENTRY
{¶ 1} In this appeal from the a judgment of the Williams County Court of Common Pleas, we are asked to determine whether the trial court erred in finding that appellants, James A. Caperton and Julie A. Caperton, are not entitled to uninsured/underinsured
 {¶ 2} motorist ("UM/UIM") coverage under a commercial automobile insurance policy issued to L.E. Smith Company by appellee, Westfield Insurance Company.
 {¶ 3} The following facts are material to the disposition of this cause.
 {¶ 4} On November 6, 1999, appellants were injured in a motor vehicle collision allegedly caused by Colin Kaufman. At the time of the accident, James was employed by L.E. Smith Company. Nevertheless, when he and Julie were injured, he was operating his own motor vehicle and was not acting within the scope of his employment.
 {¶ 5} Appellants subsequently instituted the instant case, requesting, inter alia, a declaratory judgment finding that they were entitled to UM/UIM coverage under the Westfield commercial automobile insurance policy. Appellants relied solely on the law set forth inScott-Pontzer v. Liberty Mutual Insurance Company, (1999),85 Ohio St.3d 660 and Ezawa v. Yasuda Fire Marine InsuranceCompany (1999), 86 Ohio St.3d 557 in arguing that James and Julie were "insureds" within the meaning of the commercial insurance policy.
 {¶ 6} Both appellee and appellants filed motions for summary judgment. In its order granting summary judgment to appellee, the trial court apparently determined that coverage under the commercial insurance policy in this case was distinguishable from similar policies inScott-Pontzer and Ezawa because the "Schedule of Covered Auto's you Own" specifically identified 39 different vehicles. James Caperton's automobile was not one of those vehicles listed.
 {¶ 7} Appellants appeal the common pleas court's judgment and assert that the following error occurred in the proceedings below:
 {¶ 8} "I. The trial court erred in granting appellee's motion for summary judgment and in denying appellant's [sic] motion for summary judgment. (Journal Entry; Decision and Order Journalized on March 13, 2002)
 {¶ 9} The definition of an "insured" in the UM/UIM endorsement to the Westfield policy is identical to the language in the policy interpreted in Scott-Pontzer. That language reads:
 {¶ 10} "1. You.
 {¶ 11} "2. If you are an individual, any family member.
 {¶ 12} "3. Anyone else occupying a covered auto or a temporary substitute for a covered auto. The covered auto must be out of service because of its breakdown, repair, servicing, loss or destruction.
 {¶ 13} "4. Anyone for damages he or she is entitled to recover because of bodily injury sustained by another insured."
 {¶ 14} The Scott-Pontzer court found that this language was ambiguous and construed the definition of an "insured" to include the employees of the corporation. Id. at 665. In Ezawa, the court expandedScott-Pontzer to provide UM/UIM coverage to the family members of a corporation's employees. Id. at 558. However, Scott-Pontzer was limited, and Ezawa was overruled, by a recent case decided by the Ohio Supreme Court. See Westfield Ins. Co. v. Galatis, 100 Ohio St.3d ___,2003-Ohio-5849.
 {¶ 15} In Galatis, at the syllabus, the Ohio Supreme Court held:
 {¶ 16} "2. Absent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured and underinsured motorist coverage covers a loss sustained by an employee of a corporation only if the loss occurs within the course and scope of employment. (King v. Nationwide Ins. Co. [1988], 35 Ohio St.3d 208,519 N.E.2d 1380, applied; Scott-Pontzer v. Liberty Mutual InsuranceCompany, (1999), 85 Ohio St.3d 660, 710 N.E.2d 1116, limited.)
 {¶ 17} "3. Where a policy of insurance designates a corporation as a named insured,
 {¶ 18} the designation of "family members" of the named insured as other insureds does not extend insurance coverage to the family member of an employee of a corporation, unless that employee is also a named insured. (Ezawa v. Yasuda Fire Marine Co. of Am. [1999],86 Ohio St.3d 557, 715 N.E.2d 1142, overruled.)"
 {¶ 19} Here, it is undisputed that the accident in the case before us did not involve an employee, James A. Caperton, of L.E. Smith Company who was acting within the scope of his employment. Furthermore, James A. Caperton is not a named insured in the Westfield policy. As a consequence, neither James nor Julie Caperton is afforded UM/UIM coverage under this policy. Accordingly, appellant's sole assignment of error is found not well-taken.
 {¶ 20} On consideration whereof, this court finds that substantial justice was done the parties complaining, and the judgment of the Williams County Court of Common Pleas is affirmed. The costs of this appeal are assessed to appellants.
JUDGMENT AFFIRMED.
PIETRYKOWSKI and KNEPPER, JJ., concur.