DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal from a judgment of the Williams County Court of Common Pleas. The material facts of this case are as follows.
 {¶ 2} On July 15, 2000, Brittany M. Fouts was operating her motor vehicle on U.S. Highway 20 in Williams County, Ohio, when she drove her vehicle off the highway and struck a tree. As a result of the collision, Fouts' front seat passenger, Amanda Barns, died. Amanda's father, Robert Barns, was appointed the administrator of her estate.
 {¶ 3} At the time of the accident, Robert Barns was employed by Pillsbury Company ("Pillsbury"). During the relevant period, Grand Metropolitan, Inc., the parent company of Pillsbury, had a commercial automobile insurance policy with appellant, Kemper Insurance Company ("Kemper").
 {¶ 4} Appellee, Robert Burns, as the Administrator of the Estate of Amanda Barns, subsequently commenced the instant negligence and declaratory judgment action. As a requisite primary matter, Barns asserted that, pursuant to Scott-Pontzer v. Liberty Mutual Ins. Co.
(1999), 85 Ohio St.3d 660, and Ezawa v. Yasuda Fire Marine Ins.Co. (1999), 86 Ohio St.3d 557, he and Amanda were entitled to uninsured/underinsured motorist ("UM/UIM") coverage under the Kemper commercial liability policy. Appellee relied on the provisions in the UM/UIM section of that policy. (UM/UIM coverage was offered, but was rejected by Grand Metropolitan, Inc.).
 {¶ 5} The named insured in the uninsured motorist coverage offered in the Kemper policy is Grand Metropolitan, Inc. c/o The Pillsbury Company. The material portion of the relevant UM/UIM endorsement to this policy defines an "insured" as:
 {¶ 6} "1. You
 {¶ 7} "2. If you are an individual, any "family member."
 {¶ 8} Based on the holdings in Scott-Pontzer and Ezawa, the common pleas court determined, inter alia, that under this definition of an "insured," Robert and Amanda Barns, were insureds under the Kemper commercial automobile insurance policy and, therefore, were entitled to UM/UIM coverage by operation of law.
 {¶ 9} Kemper appeals the trial court's judgment and asserts that the following errors occurred in the proceedings below:
 {¶ 10} "I. The trial court erred in granting plaintiff Robert Barns, Administrator of the Estate of Amanda Barns' [sic] motion for summary judgment and in denying defendant Kemper Insurance Company's motion for summary judgment."
 {¶ 11} "II. The trial court erred in finding that Robert Barns and Amanda Barns qualify as insureds under the applicable policy."
 {¶ 12} "III. The trial court erred in finding that UM/UIM coverage was imposed by operation of law into the policy."
 {¶ 13} For the following reason, we find that Kemper's Assignment of Error No. II has merit. Specifically, Scott-Pontzer was limited, andEzawa was overruled, by a recent case decided by the Ohio Supreme Court. See Westfield Ins. Co. v. Galatis, 100 Ohio St.3d ___, 2003-Ohio-5849.
 {¶ 14} In Galatis, the Ohio Supreme Court held:
 {¶ 15} "1. Absent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured and underinsured motorist coverage covers a loss sustained by an employee of a corporation only if the loss occurs within the course and scope of employment. (King v. Nationwide Ins. Co. [1988], 35 Ohio St.3d 208,519 N.E.2d 1380, applied; Scott-Pontzer v. Liberty Mutual InsuranceCompany, (1999), 85 Ohio St.3d 660, 710 N.E.2d 1116, limited.)
 {¶ 16} "2. Where a policy of insurance designates a corporation as a named insured,
 {¶ 17} the designation of "family members" of the named insured as other insureds does not extend insurance coverage to the family member of an employee of a corporation, unless that employee is also a named insured. (Ezawa v. Yasuda Fire Marine Co. of Am. [1999],86 Ohio St.3d 557, 715 N.E.2d 1142, overruled.)"
 {¶ 18} It is undisputed that the accident in the case before us did not involve an employee of Pillsbury who was acting within the scope of his or her employment. Furthermore, Robert Barns is not a named insured under the Kemper policy. As a consequence, neither Robert nor Amanda can be considered an "insured" within the meaning of the Kemper commercial automobile insurance policy and are not entitled to coverage under that policy.
 {¶ 19} Accordingly, Kemper's Assignment of Error No. II is found well-taken. Our disposition of this assignment of error renders Kemper's Assignments of Error Nos. I and III moot.
 {¶ 20} On consideration whereof, this court finds that substantial justice was not done the party complaining, and the judgment of the Williams County Court of Common Pleas is reversed. The costs of this appeal are assessed to appellee, Robert Barns, Administrator of the Estate of Amanda Barns.
JUDGMENT REVERSED.
Peter M. Handwork, P.J. JUDGE, Mark L. Pietrykowski, J. JUDGE and Judith Ann Lanzinger, J. JUDGE CONCUR.