DECISION
{¶ 1} In July 2000, Richard Aites died as a result of a motor vehicle accident caused by Vonna Przybylski. Mr. Aites was survived by his wife, appellant JoAnn Aites, executrix of his estate, and his two sons, Brian and Eric. The tortfeasor's insurance carrier, State Farm Insurance Company, offered and appellant accepted the policy limits of $250,000. Appellant also accepted the limit of underinsured coverage from Mr. Aites' own insurance carrier.
 {¶ 2} At the time of Mr. Aites' death, appellant was employed in a nursing home operated by Palm Crest East, Inc. Palm Crest was insured under a primary commercial automobile policy issued by American Motors Insurance Company ("AMICO"), as well as under an umbrella policy issued by OHIC Insurance Company. At the time of his father's death, Brian Aites was employed by Paragon Steak House, which had a commercial automobile policy with Atlantic Mutual Insurance Company, as well as an umbrella policy with Federal Insurance Company. During the pendency of the action in the Franklin County Court of Common Pleas, appellant accepted Atlantic's offer of settlement and the matter was settled as to those parties.
 {¶ 3} All parties filed motions for summary judgment. The trial court granted summary judgment in favor of AMICO and Federal, finding appellant was not entitled to coverage based on the other-owned auto exclusion. The trial court granted summary judgment in appellant's favor against OHIC, finding the umbrella policy provided drop-down coverage.
 {¶ 4} Appellant sets forth the following assignment of error:
1. The trial court erred as a matter of law when it ruled that the American Motorists Insurance Company policy did not provide underinsured motorist coverage to the family of appellant, JoAnn Aites, and granted the motion for summary judgment of appellee, American Motorists Insurance Company, and denied appellant's motion for summary judgment against American Motorist Insurance Company.
2. The trial court erred as a matter of law when it ruled that the Federal Insurance Company excess policy did not provide underinsured motorist coverage to the family of appellant, JoAnn Aites and granted the motion for summary judgment of appellee, Federal Insurance Company, and denied appellant's motion for summary judgment against Federal Insurance Company.
 {¶ 5} OHIC has filed a cross-appeal setting forth the following assignment of error:
The trial court erred in granting plaintiff-appellee's motion for summary judgment and denying defendant-appellant ohic's motion for summary judgment in finding that plaintiff and her family members were entitled to underinsured motorists benefits under a policy of insurance ohic issued to plaintiff's employer.
 {¶ 6} Subsequent to the trial court's decision, the Ohio Supreme Court decided Westfield Ins. Co. v. Galatis, 100 Ohio St.3d 216,2003-Ohio-5849. The court, in Westfield, held, at paragraph two of the syllabus:
2. Absent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment. (King v.Nationwide Ins. Co. [1988], 35 Ohio St.3d 208, 519 N.E.2d 1380, applied;Scott-Pontzer v. Liberty Mut. Fire Ins. Co. [1999], 85 Ohio St.3d 660,710 N.E.2d 1116, limited.)
3. Where a policy of insurance designates a corporation as a named insured, the designation of "family members" of the named insured as other insureds does not extend insurance coverage to a family member of an employee of the corporation, unless that employee is also a named insured. (Ezawa v. Yasuda Fire Marine Ins. Co. of Am. [1999],86 Ohio St.3d 557, 715 N.E.2d 1142, overruled.)
 {¶ 7} Here, neither appellant nor Brian Aites were acting in the course and scope of their employment, and were not named insureds. Appellant's claims are based solely on Richard Aites' status as a family member of JoAnn and Brian Aites. Given the Supreme Court's decision inGalatis, appellants are not entitled to coverage.
 {¶ 8} Therefore, appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed, albeit for reasons other than those expressed by the trial court as to AMICO and Federal. The cross-assignment of error by OHIC is sustained, and the judgment of the Franklin County Court of Common Pleas is reversed. The judgment of the Franklin County Court of Common Pleas is affirmed in part and reversed in part, and this matter is remanded to the trial court with instructions to enter judgment in favor of OHIC.
Judgment affirmed in part, reversed in part and cause remandedwith instructions.
Petree, P.J., and Sadler, J., concur.