JUDGMENT ENTRY {¶ 1} This matter came before the Court on Defendant-Appellant Travelers Indemnity Company of Illinois' Application for Reconsideration, filed November 21, 2003.
 {¶ 2} The test generally applied to a motion for reconsideration in the Court of Appeals is whether the motion calls to the attention of the Court an obvious error in its decision or raises an issue for consideration that was not considered at all or was not fully considered by the Court when it should have been. See Columbus v. Hodge (1987),37 Ohio App.3d 58.
 {¶ 3} Appellant, in the instant motion, is seeking reconsideration of this Court's November 17, 2003, Opinion in the case sub judice affirming the trial court's determination that the Appellees were entitled to coverage under a business automobile policy issued to AOL Time Warner by Appellant.
 {¶ 4} Upon review of the instant motion and in accordance withWestfield Ins. Co. v. Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849, we find that no coverage existed under the policy of insurance issued by Traveler's Insurance Company.
 {¶ 5} In order for UM/UIM coverage under the corporate insurance policy to apply under Galatis, supra, the loss sustained by the employee must occur within the employee's course and scope of employment. Such is not the case before us.
 {¶ 6} As Galatis, supra, overruled Ezawa v. Yasuda Fire and MarineIns. Co. of Am. (1999), 86 Ohio St.3d 557, any UM/UIM coverage which the employee may have been entitled to would not extend to his family members unless the employee is a named insured under the policy.
 {¶ 7} Based on the foregoing, we find Appellant's Motion for Reconsideration well-taken and summarily reverse the decision of the trial court.