DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant, PatAnn Patterson, was injured while vacationing in Florida when the automobile she rented was involved in an accident. The accident resulted from the negligent conduct of another driver. Both appellant and her husband, the driver of the rented car, were employed by Stanford E. Thal, Inc. Appellant sought uninsured motorist coverage through Stanford E. Thal, Inc.'s business auto coverage policy with Westfield Company, arguing coverage for the rented car existed via an ambiguity created by Westfield's policy language pursuant toScott-Pontzer v. Liberty Mutual Fire Ins. Co. (1999),86 Ohio St.3d 557.
 {¶ 2} The Lucas County Court of Common Pleas granted summary judgment to Westfield on the grounds that, since the Westfield policy specifically identifies "employees" in the definition of insureds, the ambiguous "you" analysis in Scott-Pontzer does not apply.
 {¶ 3} In two assignments of error, appellant contends that aScott-Pontzer ambiguity exists in the definition of an insured despite the inclusion of "employees" in the definition, and that by virtue of that ambiguity, coverage existed for the rented vehicle.
 {¶ 4} Pursuant to 6th Dist.Loc.App.R. 12(C), we sua sponte transfer this matter to our accelerated docket and hereby render our decision.
 {¶ 5} In Westfield Ins. Co. v. Galatis, 100 Ohio St.3d 216,2003-Ohio-5849, the Ohio Supreme Court limited coverage pursuant to Scott-Pontzer. Galatis at paragraph 2 of the syllabus states: "Absent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment."
 {¶ 6} Here, the Westfield policy names Stanford E. Thal, Inc. as the named insured for uninsured motorist coverage. Appellant, an employee of Stanford E. Thal, Inc., sustained a loss that did not occur within the scope and course of her employment. The Westfield policy contains no language evidencing intent to extend coverage to employees outside the course and scope of employment.
 {¶ 7} Accordingly, since appellant was clearly not within the course and scope of her employment when the accident occurred, appellant's two assignments of error are not well-taken.
 {¶ 8} In consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Costs to appellant.
Judgment Affirmed.
Pietrykowski, Lanzinger and Singer, J., concur.