JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Cincinnati Insurance Company (" Cincinnati") appeals from the judgment of the trial court that granted summary judgment to plaintiff-appellee Michael S. Boigegrain ("plaintiff") on his claim for uninsured/underinsured motorist coverage ("UIM"). For the reasons that follow, we reverse and remand.
 {¶ 2} On December 28, 1999, plaintiff sustained injuries while riding as a passenger in a car owned by his girlfriend and driven by a third party. Plaintiff was employed by J.W. Didado, but was not working on behalf of his employer when the accident took place. However, under the authority of Scott-Pontzer v.Liberty Mut. Fire Ins. Co. (1999), 85 Ohio St.3d 660, plaintiff pursued a claim for UIM coverage under the insurance policies issued by Cincinnati to his employer.
 {¶ 3} Both parties moved for summary judgment. The trial court granted plaintiff's motion and denied Cincinnati's motion. On appeal, Cincinnati posits three errors for our review, which all contend that the trial court should have granted summary judgment in favor of Cincinnati and not plaintiff.
 {¶ 4} "I. The trial court erred in granting appellant Michael S. Boigegrain's cross motion for summary judgment and by denying appellee's motion for summary judgment by finding that appellee is an insured entitled to UM/UIM coverage under the Cincinnati Business Auto Policy.
 {¶ 5} "II. The trial court erred in granting appellant Michael S. Boigegrain's cross motion for summary judgment and by denying appellee's motion for summary judgment by finding that Exclusion C.5 of the Cincinnati Business Auto Coverage Part — Ohio Uninsured Motorists Coverage Endorsement is inapplicable and does not preclude appellee from UM/UIM coverage under the Cincinnati Business Auto Policy.
 {¶ 6} "III. The trial court erred in granting appellant Michael S. Boigegrain's cross motion for summary judgment and by denying appellee's motion for summary judgment by finding that appellee is an insured under the Cincinnati Commercial Umbrella Liability Policy despite limiting the definition of an insured to an employee while acting within the scope of their employment."
 {¶ 7} The trial court found that plaintiff qualified as an insured under both the commercial general liability policy and the umbrella policy under the precedent of Scott-Pontzer. (R. 25 ¶¶ 6 and 12). Since that time, the Ohio Supreme Court has revisited its holdings in Scott-Pontzer and Ezawa v. YasudaFire Marine Ins. Co. of Amer. (1999), 86 Ohio St.3d 557.Westfield Ins. Co. v. Galatis, 100 Ohio St.3d 216,2003-Ohio-5849. In Westfield, the court limited Scott-Pontzer
and overruled Ezawa. Id. at paragraphs two and three of the syllabus. In particular, the court held as follows: "[a]bsent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs with the course and scope of employment. King v. Nationwide Ins. Co. (1988),35 Ohio St.3d 208, applied; Scott-Pontzer v. Liberty Mut. Fire Ins. Co. 1999,85 Ohio St.3d 660, limited)."[1] Id. at paragraph two of the syllabus.
 {¶ 8} It is undisputed that plaintiff "was not in the course and scope of his employment at the time of the accident". (R. 25 ¶ 3, citing plaintiff's dep. at p. 27). When the newly pronounced and controlling dictates of Westfield are applied to the particular facts of this case, plaintiff does not qualify as an insured under the applicable policy definitions. Consequently, plaintiff is not entitled to UIM coverage under either policy as a matter of law. Defendant's assignments of error are sustained to that extent and otherwise overruled as moot.
 {¶ 9} The Judgment is reversed and cause remanded.
Judgment reversed and cause remanded.
Celebrezze, Jr., P.J., and McMonagle, J., concur.
It is ordered that appellant recover of appellee its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] Under Scott-Pontzer, an employee was considered an insured for purposes of UIM coverage under an employer's policy even when that employee sustained an injury outside the scope of employment where the policy names only a corporation as the insured.