JOURNAL ENTRY and OPINION
{¶ 1} Appellants, Maria Villa ("Maria") and her daughter, Melissa Villa ("Melissa"),[1] appeal the trial court's decision granting summary judgment to appellee, Buckeye Union Insurance Company ("Buckeye"), thus denying appellants' claims pursuant to Scott-Pontzer v. Liberty Mut. Fire Ins. Co.85 Ohio St.3d 660, 1999-Ohio-292, 710 N.E.2d 1116 for injuries Melissa suffered in an accident in March 1996.
 {¶ 2} In March 1996, Melissa, a passenger in a vehicle driven by Sharon Honacker ("Honacker") and owned by Casey Marie Davis ("Davis"), was injured when Honacker lost control of the car when Davis grabbed the steering wheel and the vehicle collided into a parked car. At the time of the accident, Melissa resided with her mother, Maria, who was a member of the United Auto, Aerospace and Agricultural Implement Workers of America, Local 425 ("Local 425").[2] In effect at the time of the accident was an insurance policy issued by Buckeye to Local 425.
 {¶ 3} Here, it is undisputed that neither Maria nor Melissa were employees of Local 425 and neither were acting in the course and scope of their employment at the time of the accident. Because neither Maria nor Melissa were acting within the course or scope of their employment at the time the accident occurred, appellants cannot maintain a Scott-Pontzer action. SeeWestfield Ins. Co. v. Galatis, 100 Ohio St.3d 216,2003-Ohio-5849, ¶ 61, 797 N.E.2d 1256 ("we hereby limitScott-Pontzer v. Liberty Mut. Fire Ins. Co. to apply only where an employee is within the course and scope of employment.")
 {¶ 4} Moreover, the previous expansion of Scott-Pontzer
claims to resident relatives of an employee, such as the theory that Melissa seeks coverage under her mother's union carrier, has been precisely overruled by the Ohio Supreme Court. See Galatis
at ¶ 61 ("[w]e overrule Ezawa v. Yasuda Fire Marine Ins. Co.of Am., [86 Ohio St.3d 557, 1999-Ohio-124, 715 N.E.22d 1142].) Based on the Ohio Supreme Court's decision in Galatis, we need not address appellants' appeal. Thus, the trial court's decision granting summary judgment in favor of Buckeye is affirmed.
 {¶ 5} The judgment is affirmed.
Judgment affirmed.
Cooney and Karpinski, JJ., concur.
It is ordered that appellee recover of appellants its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] While we note that there has been a different spelling of appellant Melissa, namely "Melyssa," throughout the various filings in the lower court and this court, we adopt the spelling of "Melissa" as shown on the notice of appeal.
[2] Originally, appellants filed their lawsuit against Michigan Mutual Insurance Company, the insurer of Maria's employer, and a "John Doe" defendant for the insurer of Local 425. Appellants identified and named Buckeye in lieu of "John Doe" defendant and dismissed their claims against Michigan Mutual Insurance Company, leaving their claims solely against Buckeye.