OPINION
{¶ 1} This timely appeal comes for consideration upon the record in the trial court, the parties' briefs, and their supplemental authority. Defendant-Appellant, Travelers Insurance Company, appeals the decision of the Columbiana County Court of Common Pleas which granted summary judgment in favor of Plaintiffs-Appellees, David and Billie Whitaker. The Whitakers' claims against Travelers are based on Scott-Pontzer v. LibertyMut. Fire Ins. Co. (1999), 85 Ohio St.3d 660, which was recently limited by the Ohio Supreme Court in Westfield Ins. Co. v.Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849. Because we conclude that the Court's decision in Galatis excludes the Parks from coverage, the decision of the trial court is reversed and judgment is granted to Travelers.
 Facts {¶ 2} David Whitaker was driving his car when another car, driven by Jeffery Casto and owned by Anna Van Meter, struck and injured him. At the time of the accident, David was employed by Goodyear but was not acting in the scope or course of his employment. At the time of the accident, Goodyear had a commercial automobile insurance policy with Travelers. Subsequently, the Whitakers filed a complaint seeking underinsured motorist benefits from Travelers pursuant toScott-Pontzer and Ezawa v. Yasuda Fire Marine Ins. Co. ofAm. (1999), 86 Ohio St.3d 557. Each party moved for summary judgment. The trial court found the Whitakers were insureds under the Travelers' policy and granted their motion for summary judgment. Travelers timely appealed that judgment. This court remanded the case to the trial court so it could make a finding in accordance with Civ.R. 54(B). The trial court did so. Afterward, Travelers filed an amended notice of appeal.
 Westfield v. Galatis {¶ 3} The Whitakers' claims for underinsured motorist benefits from Travelers are based on the Ohio Supreme Court's decision in Scott-Pontzer and Ezawa. In Scott-Pontzer, the court held that a person can recover underinsured motorist benefits from her employer's automobile insurance carrier if the employer is the named insured and a corporation and the commercial automobile liability policy defines an insured as "you". The court held that the "you" in the insurance policy was ambiguous, so it read the insurance policy against the insurance company and held that a corporation's employees are insureds under these types of insurance policies. Id. at 664. Ezawa
extended this rationale to an employee's family members.
 {¶ 4} The Ohio Supreme Court recently limited the application of Scott-Pontzer and overruled Ezawa in Galatis. Galatis
at paragraphs two and three of the syllabus.
 {¶ 5} "Absent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment. (King v. Nationwide Ins. Co.
[1988], 35 Ohio St.3d 208, 519 N.E.2d 1380, applied;Scott-Pontzer v. Liberty Mut. Fire Ins. Co. [1999],85 Ohio St.3d 660, 710 N.E.2d 1116, limited.)
 {¶ 6} "Where a policy of insurance designates a corporation as a named insured, the designation of `family members' of the named insured as other insureds does not extend insurance coverage to a family member of an employee of the corporation, unless that employee is also a named insured. (Ezawa v. YasudaFire Marine Ins. Co. of Am. [1999], 86 Ohio St.3d 557,715 N.E.2d 1142, overruled.)" Id.
 {¶ 7} In Parks v. Rice, 7th Dist. Nos. 02 CA 197, and 02 CA 198, 2004-Ohio-2477, we noted that the Ohio Supreme Court has applied Galatis retrospectively and determined that we must do so as well.
 {¶ 8} Galatis states that an employee is not an "insured" for the purposes of uninsured/underinsured motorist coverage if the employee is not within the scope of her employment when she is injured unless the policy contains specific language to the contrary. As stated above, David was conducting personal business outside the scope of his employment when he was injured. And the insurance contracts do not contain specific language extending coverage to the Whitakers. Accordingly, we must conclude that the Whitakers are not insureds under the terms of that contract and have no claim against Travelers. The judgment of the trial court is reversed and judgment is granted to Travelers.
Waite, P.J., and Vukovich, J., concur.