DECISION AND JUDGMENT ENTRY
{¶ 1} Federal Insurance Company ("Federal") appeals the decision of the Williams County Court of Common Pleas to grant appellees, Ned D. Hugg and Diane Hugg, summary judgment and to overrule Federal's motion for summary judgment. Because we conclude that neither Michigan law nor Ohio law allow the Huggs' claim, we reverse.
 {¶ 2} On October 29, 2000, Brenda Hugg died as the result of injuries she received when hit as a pedestrian by an uninsured driver in Ypsilanti, Michigan where she attended Eastern Michigan University. At the time of the accident, her father, Ned Hugg, was employed by Key Plastics, Inc. in Montpelier, Ohio. Key Plastics, Inc. was one of the named insureds on a business auto policy with a policy period of November 1, 1999 to November 1, 2000 issued by Federal to Key Plastics, L.L.C., a Michigan company. When originally issued, the business auto policy did not contain either a Michigan or an Ohio uninsured/underinsured motorist ("UM/UIM") endorsement, although the declarations page indicated that UM/UIM coverage was included. These endorsements, however, were allegedly provided immediately prior to the policy term.
 {¶ 3} The Huggs filed a complaint for declaratory judgment in Williams County, Ohio, where they resided. Cross-motions for summary judgment were filed by the parties. In its judgment entry filed August 15, 2003, the trial court found that Ohio law applied and that UM/UIM coverage should be imputed. Relying on the rationale of Scott-Pontzer v. Liberty Mut. Fire Ins. Co.
(1999), 85 Ohio St.3d 660, it further stated that because the policy covered "you," Brenda Hugg, having been a family member of the "you," was an insured under the Federal policy.
 {¶ 4} Federal raises the following two assignments of error on appeal:
 {¶ 5} "I. The trial court erred in granting plaintiffs-appellees' motion for summary judgment and overruling Federal Insurance Company's motion for summary judgment because Michigan not Ohio law applied to the business auto policy at issue.
 {¶ 6} "II. Assuming arguendo that Ohio law applies, the trial court erred in granting plaintiffs-appellees motion for summary judgment and overruling Federal Insurance Company's motion for summary judgment because plaintiffs-appellees do not qualify as insureds under Federal's business auto policy."
 {¶ 7} In the first assignment of error, Federal contends that Michigan law rather than Ohio law should be applied to the policy. In the second assignment of error, Federal argues that, even if Ohio law applies, Brenda Hugg is not an insured under the policy. The Huggs do not dispute that if Michigan law applies there is no UM/UIM coverage under the Federal policy. Subsequent to Federal's filing of the notice of appeal in this case, the Ohio Supreme Court decided Westfield Ins. Co. v. Galatis,100 Ohio St.3d 216, 2003-Ohio-5849. The Galatis court held that "absent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of a corporation only if the loss occurs within the course and scope of employment. Id. at paragraph two of syllabus. The Galatis court further held that a policy which designates a corporation as a named insured and designates "family members" of the named insured as other insureds does not extend coverage to a family member of an employee of the corporation, unless that employee is also a named insured and specifically overruledEzawa v. Yasuda Fire Marine Ins. Co. of Am. (1999),86 Ohio St.3d 557. Id. at paragraph three of syllabus. Brenda Hugg was not an employee of Key Plastics and was not acting in the scope of employment at the time of her death. Therefore, under Ohio law, Brenda Hugg also is not entitled to UM/UIM coverage.
 {¶ 8} Because it is irrelevant in this case whether Michigan or Ohio law applies, we decline to rule on the first assignment of error and find it moot. We find that the second assignment of error is well-taken. The judgment of the Williams County Court of Common Pleas is reversed on the authority of Westfield Ins. Co.v. Galatis. Appellees are ordered to pay costs of this appeal.
Judgment Reversed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Knepper, J., Pietrykowski, J., Lanzinger, J., Concur.