OPINION
{¶ 1} Plaintiffs-appellants Ryan J. Frazier, et al. appeal the March 26, 2004 Judgment Entry entered by the Richland County Court of Common Pleas, which amended its September 11, 2002 Judgment Entry, and granted defendant-appellee Lightning Rod Mutual Insurance Co.'s ("Lightning Rod") motion for summary judgment in full.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On January 19, 1997, while a passenger in a vehicle driven by Kelly S. Carmean on Mansfield-Lucas Road in Richfield County, Ohio, appellant Ryan J. Frazier was seriously injured in two collisions. The first occurred when Jeffrey Bee drove his vehicle left of center, striking Carmean's vehicle head on. Sometime thereafter, Timothy Wood was driving his vehicle on Mansfield-Lucas Road and rear-ended Carmean's vehicle, in which Ryan was still an occupant.
 {¶ 3} Ryan was insured under a personal auto policy issued by Progressive Insurance Company with limits of $12,500 per person and $25,000 per accident. At the time of the collisions, Ryan was employed by Cummins Ohio, Inc., which was insured under two policies issued by Cincinnati Insurance Company, to wit: a Commercial Package Policy and a Commercial Umbrella Policy. Also at this same time, Ryan lived at the home of his parents, appellants James and Sharon Frazier. The elder Fraziers were insured by a personal auto policy issued by State Farm Insurance Company. James Frazier was insured individually under a business auto policy issued by Lightning Rod.
 {¶ 4} Jeffrey Bee was insured under a liability policy with limits of $100,000 per accident issued by Western Reserve. Western Reserve paid the policy limits and the proceeds were divided among the five persons injured, including appellant. Timothy Wood was insured by Century Surety. Erie Insurance Company provides underinsured motorist coverage to Kelly Carmean.
 {¶ 5} Appellants filed a complaint in the Richland County Court of Common Pleas, naming Lightning Rod among the defendants.[1] On March 5, 2001, Lightning Rod filed a Motion for Summary Judgment, contending appellant was not entitled to coverage because he was not an insured under the policy, he was not operating or occupying a "covered auto" at the time of the collision, and Lightning Rod was entitled to set off all other applicable coverage to the full extent of its available limits. Via Judgment Entry filed September 11, 2002, the trial court denied Lightning Rod's motion, finding Ryan Frazier was an insured entitled to UM/UIM coverage under Lightning Rod's policy. The trial court specifically foundScott-Pontzer v. Liberty Mutual Fire Ins. Co. (1999), 85 Ohio St.3d, 660, was not applicable to an analysis of coverage under this policy.
 {¶ 6} Subsequently, on November 26, 2003, Lightning Rod filed a Motion for Reconsideration based upon the Ohio Supreme Court's decision inWestfield Ins. Co. v. Galatis (2003), 100 Ohio St.3d 216. Via Judgment Entry filed March 26, 2004, the trial court amended its September 11, 2002 Judgment Entry and granted Lightning Rod's motion for summary judgment in full.
 {¶ 7} It is from this decision appellants appeal, raising the following assignment of error:
 {¶ 8} "I. THE TRIAL COURT ERRED IN FINDING Westfield Ins. Co. v.Galatis, 100 Ohio St.3d 216, 2003 Ohio-5849, AND Scott-Pontzer v. LibertyMutual Fire Ins. Co. (1999), 85 Ohio St.3d, 660 APPLICABLE TO THE FACTS AND CIRCUMSTANCES OF THIS CASE."
 I {¶ 9} Before addressing the merits of appellants' assignment of error, we must address Lightning Rod's assertion appellants have waived their argument to this Court because appellants failed to raise the issue before the trial court.
 {¶ 10} Count Ten of appellants' second amended complaint reads:
 {¶ 11} "21. The Defendant, Lightning Rod Mutual Insurance Co., was the insurer of the business vehicle owned by James E. Frazier, father of the Plaintiff, Ryan Frazier, on January 19, 1997. James E. Frazier, whose business vehicle is insured by Defendant, Lightning Rod Mutual Insurance Company, is insured under a liability insurance policy. As a part of the policy of insurance, there was a protection provided for medical payments and underinsured motorist coverage of the Plaintiff, Ryan J. Frazier, since he was the dependent son of the owner of the vehicle, James E. Frazier, based on recent Supreme Court decisions involving Scott-Pontzerv. Liberty Mutual Fire Ins. Co. (1999), 85 Ohio St.3d, 660 and Ezawa v.Yasuda Fire Marine Insurance Company of America, 86 Ohio St.3d 557
(1999). Plaintiff also states that in the event the policy limits of the Defendants are exhausted, then the Defendant, Lightning Rod Mutual Insurance Company, should be required to respond and any additional damages due and owing to the Plaintiff from this accident under the underinsurance motorist coverage up to the maximum coverage available under the underinsurance motorist policy.
 {¶ 12} "22. The Plaintiff, Ryan J. Frazier, was injured in two separate accidents on the same date, approximately 15 minutes apart (see Count One and Count Four). Defendant, Lightning Rod Mutual Insurance Company, is responsible for two separate medical payments coverages and underinsured motorist coverages. (See, Second Amended Complaint at para. 21-22)."
 {¶ 13} Lightning Rod submits because appellants' cause of action against it was based upon Scott-Pontzer and Ezawa, appellants cannot now argue Ryan Frazier was an insured under the express terms of the policy itself without regard to Scott-Pontzer or Ezawa. Upon review of the record, we find appellants properly preserved the issue for appeal. This argument is not being raised for the first time on appeal. Not only did appellants raise this issue in their brief in opposition to Lightning Rod's motion for summary judgment, but the trial court, in its September 11, 2002 Judgment Entry, also specifically found Scott-Pontzer and Ezawa
"inapplicable to the Lighting Rod policy," and Scott-Pontzer was "not applicable to an analysis of coverage under this policy." Id. at 9. Additionally, a review of the record establishes appellants likewise raised this issue in their motion in opposition to Lightning Rod's motion for reconsideration. As such, we find this issue is ripe for review.
 {¶ 14} In their sole assignment of error, appellants maintain the trial court erred in granting Lightning Rod's motion for reconsideration based upon its finding the Ohio Supreme Court's decisions in WestfieldIns. Co. v. Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849, andScott-Pontzer v. Liberty Mutual Fire Ins. Co. (1999), 85 Ohio St.3d, 660, were applicable to the facts and circumstances of the case.
 {¶ 15} In Galatis, the Ohio Supreme Court stated:
 {¶ 16} Our examination "of whether Ohio's law regarding uninsured and underinsured motorist insurance issued to a corporation may compensate an individual for a loss that was unrelated to the insured corporation . . . results in the limitation of Scott-Pontzer v. Liberty Mutual Fire Ins.Co. (1999), 85 Ohio St.3d, 660, 710 N.E.2d 116, by restricting the application of uninsured and underinsured motorist coverage issued to acorporation." (Emphasis added). Para. 2.
 {¶ 17} The Declaration page of the Lightning Rod Business Auto Policy lists the named insured as "James E. Frazier." As the trial court recognized in its September 11, 2002 Judgment Entry, "Pursuant to the Declaration page of the Lightning Rod policy, it was issued to an individual." Id. at 9. Because the Lightning Rod policy was issued to an individual, Ryan Frazier qualified as an insured under the definition "who is an insured" set forth in the policy. Ryan Frazier's status as an insured does not depend upon Scott-Pontzer and/or Ezawa. An analysis of coverage under the Lightning Rod policy is that of straight contract. Accordingly, we find the trial court erred in granting Lightning Rod's motion for reconsideration based upon Galatis.
 {¶ 18} Lightning Rod further argues Ryan Frazier is not entitled to UIM coverage because he was not operating or occupying a "covered auto" at the time of the collisions.
 {¶ 19} In addressing this argument, the trial court, in the September 11, 2002 Judgment Entry stated:
 {¶ 20} "The definition of "who is an insured" as contained in the Ohio Uninsured Motorist Coverage Endorsement to the [Lightning Rod] policy, very clearly indicates that, "[i]f you are an individual, any `family member'" is an insured. As the policy identifies James Frazier as an "individual," Ryan Frazier, his son is also an insured under the policy for underinsured motorist coverage. The definition goes on to identify "anyone else `occupying' a covered `auto'" as insureds. There is no "covered auto" restriction on coverage for a "family member" insured such as Ryan Frazier. If all insureds were restricted to UM/UIM coverage only while occupying or operating a "covered auto," it would not have been necessary for Lightning Rod to include that language when identifying "anyone else" as an insured. Had Lightning Rod intended such a restriction for the named insured or his family members, it would have so stated.
 {¶ 21} "The declaration page of the Lightning Rod policy identifies the autos provided coverage under the policy as those described by symbol 7. This symbol is used to identify those autos covered by the Ohio Uninsured Motorists Coverage Endorsement as well Symbol 7 autos are clearly defined by the policy as:
 {¶ 22} "SPECIFICALLY DESCRIBED "AUTOS". Only those "autos" described in ITEM THREE of the Declarations for which a premium charge is shown (and for Liability Coverage any "trailers" you don't own while attached to any power unit described in ITEM THREE).
 {¶ 23} "The only "auto," described in item three of the declarations is a "1989 Ford E250 Van." Therefore, "anyone else" while occupying the "1989 Ford E250 Van" is also an insured for purposes of the Ohio Uninsured Motorists Coverage Endorsement. Lightning Rod argues that its UM/UIM coverage is only provided to "covered autos." However, that argument is contrary to Martin v. Midwestern Group Ins Co., and the mandate of the applicable version of R.C. 3937.18.
 {¶ 24} "There is no exclusion from coverage for bodily injury while occupying a nonowned auto contained in the Lightning Rod Ohio Uninsured Motorists Coverage Endorsement. Such exclusion would be unenforceable pursuant to Martin v. Midwestern Group Ins. Co. as the policy was issued prior to the effective date of H.B 261, which superseded the decision inMartin v. Midwestern Group Ins. Therefore, this court concludes that Ryan Frazier is an insured entitled to coverage up to the limit of $300,000.00 under the Lightning Rod Ohio Uninsured Motorists Coverage Endorsement, Similarly, the court finds Ryan Frazier is an insured entitled to coverage up to the $5,000.00 limit under the Lightning Rod Medical Payments Coverage Endorsement as well." Id. at 10-11.
 {¶ 25} We agree with the trial court's original analysis, and find the Lightning Rod policy does not require the named insured or his family members, here Ryan Frazier, to be operating or occupying a "covered auto" in order to be entitled to UIM coverage.
 {¶ 26} Appellants' sole assignment of error is sustained.
 {¶ 27} The judgment of the Richland County Court of Common Pleas is reversed and the matter remanded for further proceedings consistent with this opinion and the law.
Hoffman, P.J. and Boggins, J. concur.
Edwards, J. concurs separately.
[1] As this appeal only deals with issues relative to Lightning Rod, the remainder of the Statement of the Facts and Case will only refer to matters involving Lightning Rod.