OPINION
{¶ 1} Defendant Nationwide Agribusiness Insurance Company appeals a summary judgment of the Court of Common Pleas of Muskingum County, Ohio, entered in favor of plaintiff Susan Perkins, individually and as the administrator of Donald Perkins, deceased. Nationwide assigns five errors to the trial court:
 {¶ 2} "The trial court erred to the prejudice of defendant-appellant Nationwide Agribusiness Insurance Company in denying its motion for summary judgment and in granting summary judgment in favor of plaintiffs-appellees because purchasing underinsured motorist coverage for off-duty employees exceeds the statutory grant of authority of boards of education to purchase insurance.
 {¶ 3} "The trial court erred to the prejudice of defendant-appellant Nationwide Agribusiness Insurance Company in denying its motion for summary judgment and in granting summary judgment in favor of plaintiffs-appellees because an insurer is not bound by a provision in an insurance policy that is outside the insured's authority to purchase.
 {¶ 4} "The trial court erred to the prejudice of defendant-appellant Nationwide Agribusiness Insurance Company in denying its motion for summary judgment and in granting summary judgment in favor of plaintiffs-appellees because appellee was expressly excluded from coverage by the policy.
 {¶ 5} "The trial court erred to the prejudice of defendant-appellant Nationwide Agribusiness Insurance Company in denying its motion for summary judgment and in granting summary judgment in favor of plaintiffs-appellees because um coverage did not arise by operation of law pursuant to R.C. 3937.18 and Linko.
 {¶ 6} "The trial court erred to the prejudice of defendant-appellant Nationwide Agribusiness Insurance Company in denying its motion for summary judgment and in granting summary judgment in favor of plaintiffs-appellees because the language of the umbrella policies is not the same as the ambiguous language in Scott-Pontzer."
 {¶ 7} The parties agree the facts are undisputed. Decedent Donald Perkins was killed on November 19, 1999, when a truck driven by Brandi Mayer went left of center and hit Donald's car head-on. Both drivers were killed, and a passenger in Donald's car, his grandson, was seriously injured. Donald Perkins was survived by his wife, Susan, and his children Ryan and Craig Perkins, Jennifer Breyne, and Shannon MacKinnon.
 {¶ 8} At the time of his death, Donald Perkins was employed by Rolling Hills Local School District, and Cambridge City Schools. Nationwide Agribusiness insured both Rolling Hills and Cambridge City Schools with business auto policies and umbrella policies.
 {¶ 9} Appellees brought suit against the administrator for the estate of Brandi Mayer and against Nationwide for wrongful death and for survivorship.
 {¶ 10} The trial court found a Board of Education is not prohibited from purchasing UM/UIM motorist coverage for off-duty employees. The court's reasoning was based on Scott-Pontzer v. Liberty Mutual InsuranceCompany (1999), 85 Ohio St.3d 660.
 {¶ 11} The trial court entered its judgment on February 24, 2003. On November 5, 2003, the Ohio Supreme Court announced its opinion inWestfield Insurance Company v. Galatis, 100 Ohio St.3d 216,2003-Ohio-5849, 797 N.E.2d 1256. In Galatis, the Ohio Supreme Court limited the holding in Scott-Pontzer, supra to a situation where the employee is injured in the scope of employment or in a covered auto.
 {¶ 12} The decedent was not in a covered auto and was not in the scope of his employment when he was killed. The estate's claim, and the claims of all the beneficiaries, do not arise out of the scope of anyone's employment.
 {¶ 13} In Galatis, the Supreme Court overruled its prior decision in Ezawa v. Yasuda Fire Marine Insurance Company, 86 Ohio St.3d 557,1999-Ohio-124, 715 N.E.2d 1142. Ezawa had extended Scott-Pontzer coverage to family members of employees under certain circumstances.
 {¶ 14} In the case of In Re: Uninsured and Underinsured MotoristsCoverage Cases, 100 Ohio St.3d 302, 2003-Ohio-5888, the Ohio Supreme Court extended Galatis to encompass most fact patterns.
 {¶ 15} In light of the foregoing, we find the trial court incorrectly entered judgment in favor of appellees.
 {¶ 16} The third assignment of error is sustained. The first, second, fourth, and fifth are overruled as moot.
 {¶ 17} For the foregoing reasons, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is reversed, and pursuant to App. R. 12, we enter final judgment in favor of appellants.
By Gwin, P.J., Farmer, J., and Edwards, J., concur.