JOURNAL ENTRY AND OPINION
{¶ 1} The appellant, Sofia Shterenberg, individually and as the Administratrix of the Estate of Yefim Shterenberg, appeals the decision of the trial court which denied her motions for partial summary judgment and granted summary judgment in favor of the appellees, American States Insurance Company and Atlantic Mutual Insurance Company, concerning various Scott-Pontzer uninsured/underinsured ("UM/UIM") insurance coverage issues.
 {¶ 2} In light of the Ohio Supreme Court's recent decision inWestfield Ins. Co. v. Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849, which limited the holding of Scott-Pontzer v. Liberty Mut. Fire Ins. Co.
(1999), 85 Ohio St.3d 660, 710 N.E.2d 1116, and overruled the holding inEzawa v. Yasuda Fire Marine Ins. Co. of Am. (1999),86 Ohio St.3d 557, 715 N.E.2d 1142, we find that the instant appeal is without merit and affirm the trial court's grant of summary judgment in favor of the appellees.
 {¶ 3} Only the following undisputed facts are relevant to this appeal. Yefim Shterenberg was involved in a single car accident on July 4, 1995, which resulted in his death. The vehicle was owned by Yefim, but was driven by the tortfeasor, Margarita Abromovsky. Sofia Shterenberg, Yefim's non-resident sister and the Administratror of his estate, was not involved in the accident.
 {¶ 4} Yefim was employed by Nook Industries as an assembler, but was not acting within the course and scope of his employment at the time of the accident. Nook Industries had a commercial policy of insurance issued by Atlantic Mutual Insurance Company ("Atlantic"). Sofia Shterenberg was employed by Creative Art Activities, Inc., which was insured by American States Mutual Insurance ("American"). The American policy did not contain a UM/UIM coverage provision.
 {¶ 5} On July 19, 2002, Sofia Shterenberg, as the Administratrix of Yefim's estate, brought an action claiming UM/UIM coverage under the Atlantic policy issued to Nook Industries. Sofia also brought an action claiming UM/UIM coverage for the death of her brother under her employer's policy issued by American. Both UM/UIM coverage claims were brought pursuant to the rationale found in Scott-Pontzer.
 {¶ 6} At the conclusion of the discovery process, Sofia Shterenberg filed a motion for partial summary judgment against both insurance companies concerning the issue of insurance coverage. American and Atlantic also filed motions for summary judgment. On May 6, 2003, the trial court issued a journal entry granting the motions for summary judgment of both American and Atlantic while denying Shterenburg's motion for partial summary judgment. The trial court held that neither insurance policy provided UM/UIM coverage pursuant to the limitations and exclusions found in each policy, thus, neither Yefim nor his sister, Sofia, were insured.
 {¶ 7} On June 3, 2003, Shterenberg timely filed this notice of appeal presenting two assignments of error for review.
 {¶ 8} "I. The trial court erred by granting appellee Atlantic Mutual Insurance Company's motion for summary judgment and denying appellant's motion for partial summary judgment."
 {¶ 9} "II. The trial court erred by granting appellee American's motion for summary judgment and denying appellant's motion for partial summary judgment."
 {¶ 10} The appellant's original arguments relating to UM/UIM coverage of certain vehicles not listed in the insurance policy and the definition of an insured as "you in a covered auto," are now secondary to the Ohio Supreme Court's ruling in Galatis.
 {¶ 11} In Galatis, the Ohio Supreme Court held, "Absent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of the employment. Additionally, where a policy of insurance designates a corporation as a named insured, the designation of `family members' of the named insured as `other insureds' does not extend insurance coverage to a family member of an employee of the corporation, unless that employee is also a named insured." Id. at ¶ 62.
 {¶ 12} In the instant matter, Nook Industries is listed as the named insured under the policy of insurance issued by Atlantic. To be an insured under the limitation of Galatis, the decedent, Yefim Shterenberg, must have been acting within the course and scope of his employment with Nook Industries at the time of the accident; therefore, since it is undisputed that Yefim was not acting within the course and scope of his employment at the time of the accident, Yefim Shterenberg is not an insured under the policy issued by Atlantic.
 {¶ 13} Additionally, Creative Arts Activities, Inc. is listed as the named insured under the policy of insurance issued by American; therefore, in order for Sofia Shterenberg to claim UM/UIM coverage under her employer's insurance policy issued by American for the death of her brother, she must also have been acting within the course and scope of her employment with Creative Arts Activities at the time of the accident. Because Sofia Shterenburg was not acting within the course and scope of her employment at the time of the accident, she does not qualify as an insured under American's policy, and her claim for UM/UIM coverage must also be denied.
 {¶ 14} Given the Ohio Supreme Court's new ruling in Galatis, the instant appeal is without merit and we affirm the trial court's grant of summary judgment in favor of the appellees, albeit for different reasons.
 {¶ 15} The judgment is affirmed.
Judgment affirmed.
Patricia A. Blackmon, P.J., and Anthony O. Calabrese, Jr., J., concur.
It is ordered that appellees recover of appellants costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.