**Sue Ann & Michael BISHOP,**
**Plaintiffs–Appellants,**

v.

**PACIFIC EMPLOYERS INSURANCE CO. & Ace U.S.A., Defendants–Appellees.**

No. 02–4289.

United States Court of Appeals,
Sixth Circuit.

Feb. 10, 2004.

Bonnie E. Haims, Kevin J. Boissoneault, Gallon & Takacs, Toledo, OH, for Plaintiff–Appellant.

Michael L. Golding, Moscarino & Treu, Cleveland, OH, Steven J. Forbes, Norchi & Associates, Beachwood, OH, for Defendant–Appellee.

Before MARTIN and MOORE, Circuit Judges, and WEBER,* District Judge.

## OPINION

MOORE, Circuit Judge.

Plaintiffs–Appellants Sue Ann and Michael Bishop ("Bishops") appeal the district court's decision denying them recovery under an insurance policy issued by Defendant–Appellee Pacific Employers Insurance Co. ("Pacific"), and denying their motion to remand the action to state court. After their daughter Summer Lynn Bishop was killed in a car accident, the Bishops attempted to recover under an auto liability policy held by Michael Bishop's employer, Harsco Corporation ("Harsco"), and issued by Pacific. When Pacific refused to pay out any recovery, the Bishops brought suit. The district court found that although under then-applicable Ohio law the Bishops were insureds under the policy, the policy limit prevented any recovery.

The district court further denied the Bishops' motion to remand the action to state court.

Because the Bishops are no longer insureds under the policy due to recent changes in Ohio law, they are not entitled to any recovery under the policy. Furthermore, the district court was correct in denying the motion to remand to state court. Accordingly, for these reasons we AFFIRM the district court's judgment.

## I. BACKGROUND

This diversity case[1] stems from the death of Summer Bishop in November 1999. She was killed in a car accident while a passenger in the vehicle of at-fault driver Casey Natole ("Natole"). The Bishops, parents of the deceased, collected $100.000 under an automobile liability policy held by Natole. The Bishops, however, noting that the $100.000 failed to compensate them for their loss, sought recovery of uninsured/underinsured motorist ("UM/UIM") coverage benefits pursuant to a Business Auto Policy issued by Pacific to Harsco, Michael Bishop's employer. When Pacific, believing that it owed nothing, refused to pay out any benefits, the Bishops brought an action in state court. Pacific promptly removed it to federal district court. Facing cross-motions for summary judgment, the court found that although the Bishops were insureds under the definition of "insured" in the policy,[2]

---

* The Honorable Herman J. Weber, Senior United States District Judge for the Southern District of Ohio, sitting by designation.

1. Diversity of citizenship was based on the fact that the Bishops were citizens of Ohio, Pacific's state of incorporation and principal place of business was Pennsylvania, and more than $75,000 was in controversy.

2. Endorsement 124 of the Policy, titled "Ohio Uninsured Motorists Coverage—Bodily Injury," defines who is an insured for purposes of Ohio uninsured motorists coverage as follows:
   B. Who Is An Insured

1. You.
2. If you are an individual, any "family member".
3. Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, loss or destruction.
4. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

J.A. at 158–59.

Harsco had validly reduced the policy liability limit from $1,000.000 to $25.000. Accordingly, because the Bishops had collected $25.000 from Natole's policy, they were entitled to nothing under both Ohio law and the policy itself, the terms of which barred recovery where the tortfeasor's policy limits exceeded the available UM/UIM coverage. The district court also denied the Bishops' motion to remand the action back to state court, finding that complete diversity of citizenship existed.

On appeal, the Bishops assert that the district court was correct in its conclusion that they are insureds under the policy. However, they believe the court erred when it found that Harsco had validly reduced its policy limit from $1,000,000 to $25,000. Finally, they challenge the district court's denial of their motion to remand.

## II. ANALYSIS

The law of Ohio on the subject of UM/ UIM coverage has recently undergone dramatic change. Previously, pursuant to *Scott–Pontzer v. Liberty Mutual Fire Ins. Co.*, 85 Ohio St.3d 660, 710 N.E.2d 1116 (1999), two premises held true: (1) when a named insured in a policy of insurance was a corporation, the employees of the corporation were also covered (unless the policy specifically stated otherwise); and (2) an employee did not have to be acting within the scope of his or her employment at the time of the injury in order to be covered. *Id.* at 664–66, 710 N.E.2d 1116. The *Scott–Pontzer* doctrine was extended several months later in *Ezawa v. Yasuda Fire & Marine Ins. Co. of America*, 86 Ohio St.3d 557, 715 N.E.2d 1142 (1999), to cover family members of insureds.

Much of this legal landscape has now been changed by the recent decision of *Westfield Ins. Co. v. Galatis*, 100 Ohio St.3d 216, 797 N.E.2d 1256 (2003). In that case, the Ohio Supreme Court limited the *Scott–Pontzer* doctrine by declaring that the application of UM/UIM coverage issued to a corporation extends to employees injured "only while they are acting within the course and scope of their employment, unless otherwise specifically agreed." *Id.* at 1260. The case involved the same definition of "insured" as in the instant case. *Scott–Pontzer*, and *Ezawa*. The court analyzed the definition as involving four classes of potential insureds. Beginning with the first class. "You." the court "follow[ed] *Scott–Pontzer* to the extent that it held that an employee in the scope of employment qualifies as 'you' . . ., and thus, is entitled to uninsured motorist coverage." *Id.* at 1264–65. However, the court refused to extend this coverage to employees injured while acting outside the scope of their employment. *Id.* at 1265. The court then proceeded to decide the question of insurance coverage for family members. The court noted that in *Ezawa*, it had found that the second class of insureds – "if you are an individual, any 'family member'" – extended coverage to family members of an employee. *Id.* at 1266. However, the court concluded that "[t]he second class of insureds applies [only] when the policyholder is an individual," and not when it is a corporation. *Id.* at 1266–67. Hence, the court determined that *Ezawa* had to be overruled because the named insured in that case was a corporation, and therefore the second class of insureds did not apply at all. *Id.* at 1271.

In the instant case, the named insured on the Pacific–Harsco policy is Harsco, a corporation. Therefore, the first class of insureds applies, which would provide protection for Michael Bishop in the event he sustained an injury while acting within the scope of his employment. However, the Bishops are attempting to seek recovery for the death of their daughter, Summer Lynn Bishop. Recovery under the policy

for the death of a family member of an employee would apply only if the named insured were an individual, which is not the case here. Hence, the Bishops cannot be found to be insureds under the policy at issue. Accordingly, because they are not insureds under the policy and are entitled to no recovery, it is unnecessary for us to determine whether the district court erred in concluding that Harsco had validly reduced the policy limit from $1,000.000 to $25,000.

Finally, with regard to the Bishops' motion to remand, they argue that 28 U.S.C. § 1332(c)(1)[3] applies to the instant action to destroy complete diversity. However, we have recently held that 28 U.S.C. § 1332(c)(1) does not apply to *Scott–Pontzer* cases. *Lee–Lipstreu v. Chubb Group of Ins. Cos.*, 329 F.3d 898, 899–900 (6th Cir.2003). Therefore, the diversity requirement is satisfied, and remand to state court is improper.

## III. CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.

---

**3.** That provision states the following:

[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business.

28 U.S.C. § 1332(c)(1).