OPINION
{¶ 1} Defendant-appellant Nationwide Mutual Insurance Company appeals the September 10, 2003 Judgment Entry entered by the Muskingum County Court of Common Pleas, which granted summary judgment in favor of plaintiffs-appellees Lorna Griffith, as guardian of Josci Smith and as co-administrator for the Estate of Robert Smith, and Kim Hasselberger, as guardian of Hawk Smith and as co-administrator of the Estate of Robert Smith, upon a finding appellees were entitled to UM/UIM coverage under appellant's business auto policy.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On January 16, 1999, Krystyna M. Lemar was operating a motor vehicle and struck a pedestrian, who also happened to be her husband, Robert Smith. The car Lemar was driving was owned by Smith. Smith had two children who resided with him at the time of the accident; Josci Smith and Hawk Smith. Robert Smith died as a result of the accident.
 {¶ 3} At the time of the accident, Robert Smith was employed by Allied Communications, Inc. ("Allied"). Appellant had issued a commercial general liability policy and a business auto policy to Allied, both of which were in effect on the date of the accident.
 {¶ 4} Appellees filed a complaint for damages against Lemar and also for a declaration they were entitled to UM/UIM coverage under both policies appellant issued to Allied. During the pendency of the case, appellees advised appellant they were not going to pursue their claim under the commercial general liability policy.
 {¶ 5} With respect to appellant's business auto policy, both parties filed motions for summary judgment. By Judgment Entry filed September 10, 2003, the trial court found in favor of appellees, finding appellees were entitled to UM/UIM coverage under appellant's business auto policy. It is from that judgment entry appellant prosecutes this appeal, assigning as error:
 {¶ 6} "I. The trial court erred when it held the nationwide business auto policy did not limit uim coverage to those vehicles specifically identified on its declaration.
 {¶ 7} "II. The trial court erred when it held the nationwide Business auto policy did not exclude coverage for the plaintiffs because the decedent sustained bodily when he was struck by his own vehicle.
 {¶ 8} "III. The trial court erred when it held the nationwide business auto policy provided coverage despite the fact that the decedent's vehicle was not uninsured.
 {¶ 9} "IV. The trial court erred when it held the nationwide business auto policy did not exclude coverage to hawk smith as he did not meet the definition of an insured."
 I, II, III, IV {¶ 10} Appellees' claims for UM/UIM coverage were based upon the Ohio Supreme Court decisions in Scott-Pontzer v. LibertyMutual Fire Ins. Co. (1999), 85 Ohio St.3d 660; and Ezawa v.Yasuda Fire Marine Ins. Co. of America (1999),86 Ohio St.3d 557. Subsequent to the trial court's decision and the filing of appellant's brief, the Ohio Supreme Court limited the holding inScott-Pontzer and overruled Ezawa in such a manner that precludes coverage herein.[1] See, Westfield Ins. Co. v.Galatis, (2003), 100 Ohio St.3d 216, 2003-Ohio-5849; and In ReUninsured Underinsured Motorist Coverage Cases, (2003)100 Ohio St.3d 302, 2003-Ohio-5888. Based upon those Ohio Supreme Court's decisions, we reverse the judgment of the trial court.
 {¶ 11} The judgment of the Muskingum County Court of Common Pleas is reversed.
Farmer, J. and Wise, J. concur.
[1] Appellant asserts there is no dispute neither Robert Smith nor any appellee were within the scope of employment for Allied at the time of the accident. Because appellee failed to file a reply brief, we accept appellants' statement as true. See App. R. 17(C).