DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal comes to us from the grant of summary judgment issued by the Lucas County Court of Common Pleas, in a case involving uninsured/underinsured ("UM/UIM") motorist coverage pursuant to Scott-Pontzer v. Liberty Mut. Fire Ins.Co.
 {¶ 2} (1999), 85 Ohio St.3d 660 and Ezawa v. Yasuda Fire Marine Ins. Co. of Am. (1999), 86 Ohio St.3d 557. Because we conclude that summary judgment is proper in this case, we affirm.
 {¶ 3} On November 6, 2000, Appellant, Dawn Bork, was injured in a motor vehicle accident while operating a vehicle owned by her husband The accident was the result of the negligence of Derrick Watkins, an uninsured motorist. Bork filed UM/UIM claims as a "family member" pursuant to Scott-Pontzer and Ezawa
against appellee, Cincinnati Insurance Company ("CIC"), her husband's employer's insurer. It is undisputed that at the time of the accident Bork was on a personal errand, outside the scope of any employment. The trial court granted summary judgment to CIC, finding that Bork and her husband were not insureds under the CIC policy. Bork raises the following sole assignment of error:
 {¶ 4} "The trial court erred to the prejudice of the plaintiffs when it granted the defendant's motion for summary judgment and denied the plaintiff's' motion for summary judgment."
 {¶ 5} Pursuant to Westfield Ins. Co. v. Galatis,100 Ohio St.3d 216, 2003-Ohio-5849, we conclude that Bork was not an "insured" under the CIC policy, negating any coverage for her UM/UIM claims. Therefore, since no material issues of fact remain in dispute and CIC is entitled to judgment as a matter of law, summary judgment was properly granted in favor of CIC. See Civ.R. 56.
 {¶ 6} Bork's sole assignment of error is not well-taken.
 {¶ 7} The judgment of the Lucas County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
Judgment affirmed.
Handwork, P.J., Knepper, J. and Lanzinger, J., concur.