OPINION
{¶ 1} On May 10, 1997, appellee, Lance Blevins, was injured in a motor vehicle accident caused by the negligence of another. At the time of the accident, appellee, a minor, resided with his mother, appellee, Connie Smith. Appellees were both employed with Stars of Cleveland, Inc. dba Montrose Lincoln Mercury, insured under a commercial package policy which included a commercial automobile policy, and a commercial umbrella policy issued by appellant, Federated Mutual Insurance Company.
 {¶ 2} On July 8, 2002, appellees filed a complaint for declaratory judgment seeking underinsured motorists benefits under the policies. All parties filed motions for summary judgment. By judgment entry filed May 23, 2003, the trial court found in favor of appellees, finding they were entitled to uninsured/underinsured motorists coverage under the policies.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "The trial court erred in finding that the form contained within the primary policy which reduced um/uim coverage for directors, officers, partners and owners of the named insured and rejected um/uim coverage for all other employees of the named insured was not valid."
 II {¶ 5} "The trial court erred in finding that the notice and subrogation provisions in the primary policy did not apply where coverage was implied as a matter of law."
 III {¶ 6} "The trial court erred in finding that the notice and subrogation provisions found in the umbrella policy did not apply."
 IV {¶ 7} "The trial court erred in not finding that the appellees breached the notice and subrogation provisions of the primary and umbrella policies and failed to meet their burden of proving that the insurer was not prejudiced by their breach of those provisions."
 I, II, III, IV {¶ 8} Appellant challenges the trial court's determination that appellees are entitled to uninsured/underinsured motorists benefits under the subject policies.
 {¶ 9} We note the genesis of this claim is premised upon a claim for uninsured/underinsured motorists coverage pursuant toScott-Pontzer v. Liberty Mutual Fire Insurance Co.,85 Ohio St.3d 660, 1999-Ohio-292, and Ezawa v. Yasuda Fire and MarineIns. Co., 86 Ohio St.3d 557, 1999-Ohio-124. Appellees sought coverage under policies issued to their employer. The subject accident was not within the scope of their employment. Based upon the Supreme Court of Ohio's recent decision in WestfieldInsurance Co. v. Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849, we find these assignments of error to be moot.
 {¶ 10} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby reversed.
Wise, J. and Boggins, J. concur.