OPINION
{¶ 1} Defendant-appellant Pennsylvania General Insurance Company "Pennsylvania") appeals the July 23, 2003 Judgment Entry of the Stark County Court of Common Pleas granting Plaintiffs-Appellees' motion for summary judgment, finding that Appellees were entitled to UM/UIM coverage under Pennsylvania's commercial automobile liability policy.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On July 17, 1997, appellee Bruce Phillips was operating a motor vehicle which was involved in an automobile accident resulting in injury to appellee. On the date of the accident, appellee was employed by Gradall Company. Appellee concedes he was not in the course and scope of employment with Gradall at the time of the accident.
 {¶ 3} Gradall was insured under a commercial automobile insurance policy issued by Pennsylvania General Insurance Company, with UM/UIM limits of liability of $1,000,000.00.
 {¶ 4} Appellees filed a complaint for declaratory judgment against Pennsylvania, seeking a declaration of entitlement to UM/UIM coverage under said policy.
 {¶ 5} Following summary judgment motions by the parties, the trial court issued its findings as set forth in a Judgment Entry filed July 23, 2003, finding coverage for appellee Bruce Phillips as an employee of the corporation based on the ambiguous language contained in the policy's definition of "insured" pursuant toScott-Pontzer v. Liberty Mutual Fire Ins. Co. (1999)85 Ohio St.3d 557 and that such extended to family members as well pursuant to Ezawa v. Yasuda Fire marine Ins. Co. of Am.,
(1999) 86 Ohio St.3d 557.
 {¶ 6} It is from this judgment entry that Appellant Pennsylvania prosecutes this appeal, assigning the following error for review:
 ASSIGNMENT OF ERROR {¶ 7} "I. The trial court erred in granting the motion for summary of plaintiff-appellees, and in denying defendant-appellant's cross-motion for summary judgment."
 I. {¶ 8} Appellee's complaint for declaratory judgment was premised upon the Ohio Supreme Court's decision in Scott-Pontzerv. Liberty Mutual Fire Ins. (1999), 85 Ohio St.3d 660,1999-Ohio-292. Likewise, the trial court's decision was based upon application of Scott-Pontzer.
 {¶ 9} Subsequent to the trial court's decision, but prior to oral argument of this appeal, the Ohio Supreme Court decidedWestfield Ins. Co. v. Galatis (2003), 100 Ohio St.3d 216,2003-Ohio-5849, and In re Uninsured Underinsured MotoristCoverage Cases, (2003), 100 Ohio St.3d 302, 2003-Ohio-5888. TheGalatis decision limited the application of Scott-Pontzer
". . . by restricting the application of uninsured and underinsured motorist coverage issued to a corporation to employees only while they are acting within the course and scope of their employment, unless otherwise specifically agreed."Galatis at 2.
 {¶ 10} Because it is undisputed appellee Bruce Phillips was not within the course and scope of his employment with Gradall at the time of the accident, we find the trial court's finding of UM/UIM coverage was in error based upon the Supreme Court's subsequent decision in Galatis and In re Uninsured andUnderinsured Motorist Coverage Cases.
 {¶ 11} Appellant's assignment of error is sustained.
 {¶ 12} The judgment of the Stark County Court of Common Pleas is reversed.
Boggins, J., Farmer, P.J. and Wise, J. concur.