DECISION AND JOURNAL ENTRY
{¶ 1} Appellants, Ronald V. Baker[1] ("Ronald") and Christine Shenberger[2] ("Christine"), appeal from the judgment of the Lorain County Court of Common
Pleas that declared that they were not entitled to uninsured/underinsured ("UM/UIM") motorist coverage. We affirm.
 i. {¶ 2} This case arises from an automobile accident involving Barbara, Christine, Skylee, and Amanda Lapp ("Lapp"), the tortfeasor. Specifically, Lapp, while operating her automobile, collided "head-on" with an automobile occupied by Barbara, Christine, and Skylee. Thereafter, on July 6, 2001, Appellants brought the present action seeking a declaration that they are entitled to UM/UIM motorist coverage against Life Care Center of Medina ("Life Care Center") and the unknown insurer of Life Care Center; Appellants additionally sought compensatory damages from Lapp.[3] Appellants amended their complaint and added Old Republic Insurance Company ("Old Republic") as a defendant when they learned that Old Republic insured Life Care Center. Appellants again amended their complaint and added Federal Insurance Company ("Federal") and Great Northern Insurance Company ("Great Northern") as new party defendants.[4]
Thereafter, Appellants voluntarily dismissed without prejudice Life Care Center and Old Republic, and they voluntarily dismissed with prejudice Lapp. Federal and Great Northern subsequently moved for summary judgment; Appellants also moved for summary judgment. The trial court determined that Appellants were not entitled to UM/UIM motorist coverage and entered its judgment accordingly. It is from this judgment that Appellants appeal and raise one assignment of error for review.
 ii. Assignment of Error
"The trial court erred in applying the law of california to the policies issued to three day blinds by * * * federal and great northern * * *."
 {¶ 3} In their sole assignment of error, Appellants aver that the trial court erroneously applied the law of California to the insurance policies issued by Federal and Great Northern. As such, Appellants aver that the trial court erroneously determined that they were not entitled to UM/UIM motorist coverage. Despite these averments, Appellants concede that the Supreme Court of Ohio's decision in Westfield Ins. Co. v. Galatis, 100 Ohio St.3d 216,2003-Ohio-5849, would require this Court to affirm the decision of the trial court. Consequently, we affirm the decision of the trial court on grounds other than those asserted by the trial court. See Petty v. Wal-Mart Stores, Inc., 148 Ohio App.3d 348,356, 2002-Ohio-1211; Ramco Specialties v. Pansegrau (1998),134 Ohio App.3d 513, 521 (declaring that an appellate court is "empowered to affirm the judgment of the trial court on grounds other than those relied upon by the trial court").
 {¶ 4} This Court agrees with the Appellants' concession and finds that Ronald, Barbara, Christine, and Skylee do not qualify as "insureds" in light of the Ohio Supreme Court's recent decision in Galatis.
 {¶ 5} In Galatis, the Ohio Supreme Court addressed "Ohio's law regarding whether uninsured and underinsured motorist insurance issued to a corporation may compensate an individual for a loss that was unrelated to the insured corporation." Id. at ¶ 2. The Court concluded that it may not, and held that "[a]bsent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment." (Emphasis added.) Id. at ¶ 62. The rationale underlying this holding stems from the general intent of a motor vehicle insurance policy issued to a corporation, which is "to insure the corporation as a legal entity against liability arising from the use of motor vehicles." Id. at ¶ 20, citingKing v. Nationwide Ins. Co. (1988), 35 Ohio St.3d 208, 211. An insurance policy extending to
"an employee's activities outside the scope of employment are not of any direct consequence to the employer as a legal entity. An employer does not risk legal or financial liability from an employee's operation of a non-business-owned motor vehicle outside the scope of employment. Consequently, uninsured motorist coverage for an employee outside the scope of employment is extraneous to the general intent of a commercial auto policy."Galatis at ¶ 20.
 {¶ 6} Furthermore, the Court held that "where a policy designates a corporation as a named insured, the designation of `family members' of the named insured as other insureds does notextend coverage to a family member of an employee of thecorporation, unless that employee is also a named insured[.]" (Emphasis added.) Reitz v. Zurich Am. Ins. Co., 9th Dist. No. 21646, 2004-Ohio-967, at ¶ 9, citing Galatis,100 Ohio St.3d 216 at paragraph three of the syllabus (overruling Ezawa v.Yasuda Fire Marine Ins. Co. of Am., 86 Ohio St.3d 557,1999-Ohio-124).
 {¶ 7} In the instant case, Ronald is not a named insured on either the Federal or the Great Northern policy issued to his employer, Three Day Blinds, Inc. As such, Ronald must have sustained his losses during the course and scope of his employment with Three Day Blinds, Inc. to qualify as an insured under its policies. See Galatis at ¶ 62. There is no evidence in the record to link the accident that involved Barbara, Christine, and Skylee to Ronald's employment with Three Day Blinds, Inc. In fact, Appellants stipulated that "[Ronald] was not within the course and scope of his employment when the accident occurred[.]" Accordingly, as Ronald did not incur his losses during the course and scope of his employment, he does not qualify as an insured under either the Federal or Great Northern policy. See id. As this Court has concluded that Ronald is not a named insured on either the Federal or Great Northern policy, it follows that his family members, namely, Barbara, Christine, and Skylee, are not insured by the policy. See Reitz at ¶ 9, citingGalatis, 100 Ohio St.3d 216 at paragraph three of the syllabus. Consequently, based upon the authority of Galatis, this Court concludes that Appellants are not entitled to UM/UIM coverage under the policies issued by either Federal or Great Northern. Accordingly, Appellants' sole assignment of error is overruled.
 III. {¶ 8} Appellants' assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
Carr, P.J., Baird, J., concur.
[1] Ronald V. Baker filed this action individually and as the administrator of the estate of Barbara Baker ("Barbara").
[2] Christine Shenberger filed this action individually and as the parent and natural guardian of Skylee Baker ("Skylee"). Christine is the daughter of Ronald, and Skylee is the granddaughter of Ronald.
[3] We note that this case was originally filed in the Court of Common Pleas of Cuyahoga County, Ohio; however, the case was later transferred to the Court of Common Pleas of Lorain County, Ohio.
[4] Federal issued a business auto policy and a commercial umbrella policy to Three Day Blinds, Inc., and Great Northern issued a "Customarq" package policy to Three Day Blinds, Inc. Three Day Blinds, Inc. employed Ronald at the time of the accident.