DECISION AND JUDGMENT ENTRY
{¶ 1} In this case on appeal from a judgment of the Lucas County Court of Common Pleas, we are asked to determine whether the trial court erred in finding that appellant, Brynn Lake, was not entitled to uninsured/underinsured motorist ("UM/UIM") coverage under a commercial motor vehicle liability policy and an umbrella liability policy issued by Royal Indemnity Company ("Royal") to Lucas County, Ohio.
 {¶ 2} On May 30, 2001, appellant was a passenger on a motorcycle operated by Kyle Schnatterly. Schnatterly's brother, Michael, who was also operating a motorcycle, cut in front of Kyle. Kyle swerved to avoid a collision and struck a curb. Appellant was ejected from Kyle's motorcycle and suffered a closed head injury and the loss of hearing in one ear. Neither brother had motor vehicle liability insurance. At the time of the accident, appellant's mother was employed by Lucas County.
 {¶ 3} Subsequently, appellant instituted the instant action against, inter alia, Royal. She claimed that she was entitled UM/UIM coverage under the Royal policies pursuant toScott-Pontzer v. Liberty Mut. Ins. Co., (1999),85 Ohio St.3d 660, and Ezawa v. Yasuda Fire Marine Ins. Co. of Am. (1999),86 Ohio St.3d 557. The trial court agreed that Scott-Pontzer
and Ezawa was applicable to the present case, but determined that (1) Lucas County's Director of Risk Management properly rejected UM/UIM coverage; or (2) in the alternative, in the absence of a proper rejection, UM/UIM coverage arises by operation of law and would apply only to the employee (appellant's mother) and not a family member (appellant). Therefore, the common pleas court granted Royal's motion for summary judgment. Appellant appeals and sets forth the following assignments of error:
 {¶ 4} "The trial court erred in granting summary judgment Royal Indemnity Company as it did not prove that appellant's mother's employer properly rejected uninsured motorist coverage in the Royal policy."
 {¶ 5} "The trial Court erred in determining that appellant was not an insured under the Royal policy by failing to consider the special endorsement that designated all Lucas County employees as not only insureds, but `named insureds'."
 {¶ 6} For the following reason, we affirm the judgment of the trial court.
 {¶ 7} Appellant relied solely on Scott-Pontzer and Ezawa,
for the proposition that she and her mother were insureds for the purposes of UM/UIM coverage under the Royal policy. However,Scott-Pontzer was limited and Ezawa was overruled, byWestfield Ins. Co. v. Galatis, 100 Ohio St.3d 216,2003-Ohio-5849. Nonetheless, in her second assignment of error, appellant maintains that her mother is an insured under the Royal policy because an endorsement to the Royal policy includes "employees" as "named insureds" and does not limit coverage to only "those employees in the course and scope of their employment." She then argues that under the third syllabus inGalatis, she is an insured because she is a family member of a named insured, i.e., an employee.
 {¶ 8} In Galatis, at paragraphs two and three of the syllabus, the Ohio Supreme Court held:
 {¶ 9} "2. Absent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured and underinsured motorist coverage covers a loss sustained by an employee of a corporation only if the loss occurs within the course and scope of employment. (King v. Nationwide Ins. Co.
[1988], 35 Ohio St.3d 208, 519 N.E.2d 1380, applied;Scott-Pontzer v. Liberty Mutual Insurance Company, (1999),85 Ohio St.3d 660, 710 N.E.2d 1116, limited.)
 {¶ 10} "3. Where a policy of insurance designates a corporation as a named insured, the designation of "family members" of the named insured as other insureds does not extend insurance coverage to the family member of an employee of a corporation, unless that employee is also a named insured. (Ezawa v. Yasuda Fire Marine Co. of Am. [1999],86 Ohio St.3d 557, 715 N.E.2d 1142, overruled.)"
 {¶ 11} A reading of the syllabi in Galatis reveals that appellant misconstrues the Ohio Supreme Court's holdings. In the vast majority of cases, paragraph two of the syllabus clearly eliminates an employee's insurance coverage under her employer's commercial motor vehicle liability policy to loss occurring during the course and scope of her employment. It is only in those instances where the policy in question includes specific language allowing coverage outside the scope and course of employment that an employee could be an "insured." There is, admittedly, no such language in the Royal policies. Thus, and assuming, arguendo, that an employee is a named insured in the Royal motor vehicle liability policy, appellant cannot claim she is "insured" pursuant to paragraph three of the syllabus. Specifically, appellant is not afforded UM/UIM coverage under the Royal policies because, even if family members were designated as "other insureds" under the Royal policies (They are not in this cause.), the loss suffered by appellant did not occur during the course and scope of her mother's employment. Therefore, appellant's second assignment of error is found not well-taken, and her first assignment of error is rendered moot.
 {¶ 12} On consideration whereof, this court finds that substantial justice was done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed. The costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, P.J., Pietrykowski, J., Singer, J., concur.