JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Royal SunAlliance USA Insurance Company, appeals the judgment of the Cuyahoga County Common Pleas Court that denied its motion for summary judgment on its counterclaim for declaratory judgment. For the reasons that follow, we reverse and enter judgment for appellant.
 {¶ 2} On January 31, 1998, Maureen Robertson was a passenger in a motor vehicle driven by her brother, Shawn Robertson, when they were struck by Damon Mills, an underinsured motorist. Maureen died as a result of the accident, while Shawn was seriously injured. Both Maureen and Shawn resided with their mother, Mary Jo Robertson, who later became the administrator of Maureen's estate. At the time of the accident, Mary Jo was employed by M.I. Huebschman Corporation, which had in force several policies of insurance issued by Royal SunAlliance Insurance USA Company ("Royal") or one of its related companies. After Royal denied their claims for underinsurance benefits, Mary Jo and Shawn (collectively referred to as "appellees" where appropriate) instituted the present action against Royal[1]
seeking declaratory relief, as well as damages for breach of contract and bad faith. Appellees alleged that they were entitled to underinsured motorist (UIM) coverage under the various policies issued to Mary Jo's employer pursuant to Scott-Pontzerv. Liberty Mut. Fire Ins. Co. (1999), 85 Ohio St.3d 660 andEzawa v. Yasuda Fire Marine Ins. Co. of America (1999),86 Ohio St.3d 557.
 {¶ 3} Royal counterclaimed for declaratory judgment. Upon Royal's motion, the trial court bifurcated for trial the claims for declaratory relief/breach of contract and the claims for bad faith. The parties thereafter filed their respective motions for summary judgment.
 {¶ 4} In October 2003, the trial court granted appellees' motion, in part, and denied Royal's motion. The trial court declared that appellees were insureds under both the business auto and catastrophic policies, but that an issue of fact remained as to whether Royal was prejudiced according toFerrando v. Auto-Owners Mut. Ins. Co., 98 Ohio St.3d 186,2002-Ohio-7217. In November 2003, however, appellees voluntarily dismissed their entire complaint without prejudice, leaving the trial court's decision denying Royal's motion for summary judgment on its counterclaim ripe for review by this court.
 {¶ 5} On appeal to this court, Royal assigns seven errors for our review. Many of the assigned errors are related and essentially challenge the trial court's decision denying its motion for summary judgment. Nonetheless, we find Royal's second assignment of error dispositive of this appeal, which challenges the trial court's declaration that appellees are insureds under the Royal policies.
 {¶ 6} An appellate court reviews a trial court's decision on a motion for summary judgment de novo. Grafton v. Ohio EdisonCo. (1996), 77 Ohio St.3d 102, 105. Summary judgment is appropriate when, construing the evidence most strongly in favor of the nonmoving party, (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, that conclusion being adverse to the nonmoving party. Zivich v.Mentor Soccer Club, Inc. (1998), 82 Ohio St.3d 367, 369-370, citing Horton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679, paragraph three of the syllabus; see, also, Civ.R. 56(C).
 {¶ 7} Although Royal advances many different arguments to support its contention that appellees are not entitled to UIM benefits, the issue that is central to resolution of this appeal is whether appellees are insureds under the Royal policies. In November 2003, shortly after the trial court issued its decision declaring appellees insureds under the policies at issue, the Ohio Supreme Court decided Westfield Ins. Co. v. Galatis,100 Ohio St.3d 216, 2003-Ohio-5849 and held that UM/UIM coverage is unavailable to claimants not acting within the course and scope of their employment.
 {¶ 8} "Absent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment." Id. at paragraph two of the syllabus.
 {¶ 9} The Galatis court also overruled Ezawa v. YasudaFire Marine Ins. Co. of America, 86 Ohio St.3d 557, stating:
 {¶ 10} "Where a policy of insurance designates a corporation as a named insured, the designation of `family members' of the named insured as other insureds does not extend insurance coverage to a family member of an employee of the corporation, unless that employee is also a named insured." Galatis,
100 Ohio St.3d at paragraph three of the syllabus.
 {¶ 11} In this case, it is undisputed that Mary Jo was not acting within the course and scope of her employment with M.I. Huebschman Corporation at the time of the January 1998 accident. Nor did the policies at issue contain any language that would extend coverage to an employee such as Mary Jo under the facts of this case. Appellees, therefore, do not qualify as insureds under the business auto policy. Moreover, because appellees are not insureds under the underlying business auto policy, the catastrophic or umbrella policy similarly affords no coverage.
 {¶ 12} Accordingly, the trial court erred in declaring appellees insureds under the Royal policies and, as such, erred in denying Royal's motion for summary judgment. Royal's second assignment of error is, therefore, well taken and is sustained. Because no genuine issue of material fact remains, Royal is entitled to judgment in its favor as a matter of law on this issue. We need not address Royal's remaining assignments of error. See App.R. 12(A)(1)(c).
Reversed and judgment entered for Royal.
Cooney, P.J., and Calabrese, Jr., J., Concur.
[1] The complaint names two defendants by the same company name, Royal SunAlliance USA Insurance Company, but with different addresses. In its answer, Royal referenced a company by the name of American Foreign Insurance Company ("AFIC") as a defendant, although the complaint does not name such an entity as a defendant, nor does the record contain an amended complaint adding any party by this name. According to its answer, Royal admitted that AFIC issued a business automobile policy and a commercial general liability policy to Mary Jo's employer, while Royal issued it a commercial catastrophic liability policy. It appears from the policies appended to Royal's answer that AFIC is a related company of Royal. As such, we will refer to these companies collectively as "Royal," as they are captioned.