*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2004 FED App. 0301P (6th Cir.)
File Name: 04a0301p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

TONY POSANTE,
          *Plaintiff-Appellant,*

          *v.*

          No. 02-4383

CAMBRIDGE MUTUAL FIRE
INSURANCE COMPANY;
LUMBERMENS MUTUAL
CASUALTY COMPANY,
          *Defendants-Appellees.*

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 01-01617—Solomon Oliver, Jr., District Judge.

Submitted: June 8, 2004

Decided and Filed: September 8, 2004

Before: MARTIN and SUTTON, Circuit Judges; QUIST,
          District Judge.[*]

_____

          [*] The Honorable Gordon J. Quist, United States District Judge for the Western District of Michigan, sitting by designation.

_____

## COUNSEL

**ON BRIEF:** James L. Deese, Cleveland, Ohio, Mark L. Wakefield, LOWE, EKLUND, WAKEFIELD & MULVIHILL, Cleveland, Ohio, for Appellant. Ronald A. Risbo, Carol K. Metz, WESTON, HURD, FALLON, PAISLEY & HOWLEY, Cleveland, Ohio, Timothy John Fitzgerald, GALLAGHER, SHARP, FULTON & NORMAN, Cleveland, Ohio, for Appellees.

_____

## OPINION

_____

BOYCE F. MARTIN, JR., Circuit Judge. This appeal concerns the availability of underinsured motorist coverage under Ohio law. The Ohio Supreme Court recently issued a landmark decision in *Westfield Insurance Co. v. Galatis*, 797 N.E.2d 1256 (Ohio 2003), which changed and clarified the law in a way that is dispositive of this case.

Tony Posante, a former employee of Pepsico, Inc., seeks a declaration that Pepsico's insurer, Lumbermens Mutual Casualty Company, is liable for underinsured motorist coverage in connection with an accident in which his daughter, Ashley Posante, was struck and killed by an automobile as she was crossing a street. Mr. Posante settled claims against the driver's insurance carrier, State Farm Insurance Company, as well as with Mr. Posante's own homeowner's insurance carrier, Cambridge Mutual Insurance Company. The availability of underinsured motorist coverage under the Lumbermens policy is the sole subject of this lawsuit.

Mr. Posante's claim for underinsured motorist coverage is based upon *Scott-Pontzer v. Liberty Mutual Fire Insurance Co.*, 710 N.E.2d 1116 (Ohio 1999), and *Ezawa v. Yasuda Fire & Marine Ins. Co. of America*, 715 N.E.2d 1142 (Ohio 1999). The Ohio Supreme Court's recent decision in *Galatis*, however, significantly restricted the availability of underinsured motorist coverage under *Scott-Pontzer*, and expressly overruled *Ezawa*. *Galatis* held as follows:

> Absent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation *only if the loss occurs within the course and scope of employment.* Additionally, where a policy of insurance designates a corporation as a named insured, the designation of 'family members' of the named insured as 'other insureds' *does not extend insurance coverage to a family member of an employee of the corporation*, unless that employee is also a named insured.

*Galatis*, 797 N.E.2d at 1271 (emphasis added). *See also Masco Corp. v. Zurich Am. Ins. Co.*, ___ F.3d ___, 2004 WL 1924045, n.1 (6th Cir. Aug. 31, 2004) (recognizing the restrictions that *Galatis* places upon the availability of *Scott-Pontzer* uninsured and underinsured motorist coverage). It is clear that Mr. Posante's claim for underinsured motorist coverage is not viable under *Galatis*.

Mr. Posante argues, however, that we should not apply *Galatis* in this case because: (1) the decision "represents a substantive departure from established precedent;" and (2) it "applies only to coverage under the ambiguous Ohio Uninsured Motorist Coverage Endorsement . . . [and] not to the coverage imposed by operation of law that [Mr. Posante] has sought." These arguments lack merit. The Ohio Supreme Court has applied *Galatis* to bar coverage in cases that were pending at the time the decision was issued, and has not

differentiated between coverage under the Ohio Uninsured Motorist Coverage Endorsement and coverage that is imposed by operation of law. *See In re Uninsured and Underinsured Motorist Coverage Cases,* 798 N.E.2d 1077 (Ohio 2003). *See also Jones v. Fed. Ins. Co.*, No. 2003CA 00075, 2003 WL 22961343 (Ohio App. Dec. 15, 2003) (denying coverage based upon *Galatis* and explaining that "[e]ven though *Galatis* deals with the definition of an insured when there is express UM/UIM coverage, the reasoning was applied to UM/UIM coverage which arises by operation of law") (citing *In re Uninsured and Underinsured Motorist Coverage Cases*, 798 N.E.2d 1077). Therefore, contrary to Mr. Posante's assertions, *Galatis* governs our analysis of his claim.

Although *Galatis* was decided after the district court's judgment was entered, Lumbermen's motion for summary judgment was nevertheless granted on a different ground – namely, that Mr. Posante had breached a condition precedent to coverage. While we pass no judgment on the rationale employed by the district court, we hold that summary judgment in favor of Lumbermens was proper because Mr. Posante's claim for underinsured motorist coverage is foreclosed by *Galatis*. Accordingly, the district court's judgment is AFFIRMED.