TREADWAY et al., Appellants,

v.

JEVCAK et al.; Citizens Insurance Company of America, Appellee.

[Cite as *Treadway v. Jevcak,* 158 Ohio App.3d 767, 2004-Ohio-5588.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 82899.

Decided Oct. 21, 2004.

R. Jack Clapp & Associates and Timothy A. Ita, for appellants.

Robert B. Sutherland, for appellee.

TIMOTHY E. MCMONAGLE, Judge.

{¶ 1} Plaintiffs-appellants, Denise and David Treadway, appeal the judgment of the Cuyahoga County Common Pleas Court granting summary judgment to defendant-appellee, Citizens Insurance Company of America.

{¶ 2} This case arises out of two separate motor vehicle accidents in which appellant Denise Treadway was injured. Denise and her husband, David Tread-way, filed suit against the drivers involved in the accidents, and those claims were subsequently settled and dismissed.

{¶ 3} In the same suit, the Treadways also sought declaratory judgment against Citizens Insurance, seeking uninsured- and underinsured-motorist ("UM/UIM") coverage under commercial general and commercial automobile policies of insurance Citizens had issued to David Treadway's employer, Noble Norman, Inc. Citizens then filed a claim for indemnity and contribution against third-party defendant Brotherhood Mutual Insurance Company, which had issued policies of insurance to Grace Church, Denise Treadway's employer at the time of both accidents. (The trial court denied the Treadways' motion for leave to file a second amended complaint to assert a direct claim against Brotherhood Mutual.)

{¶ 4} Both Citizens and Brotherhood Mutual filed motions for summary judgment. The trial court granted Citizens' motion for summary judgment and, in light of its ruling, denied Brotherhood Mutual's motion for summary judgment as moot.

{¶ 5} Appellants now contend that the trial court erred in granting Citizens' motion. We disagree.

{¶ 6} We review the grant of summary judgment de novo in accordance with the standards set forth in Civ.R. 56(C). *N. Coast Cable v. Hanneman* (1994), 98 Ohio App.3d 434, 440, 648 N.E.2d 875. Summary judgment is appropriate if, after construing the evidence most favorably for the nonmoving party, reasonable minds can reach only a conclusion that is adverse to that party. *Zivich v. Mentor Soccer Club* (1998), 82 Ohio St.3d 367, 369–370, 696 N.E.2d 201; *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 364 N.E.2d 267.

{¶ 7} The Treadways premised their UM/UIM claims against Citizens on *Scott–Pontzer v. Liberty Mut. Fire Ins. Co.* (1999), 85 Ohio St.3d 660, 710 N.E.2d 1116, and *Ezawa v. Yasuda Fire & Marine Ins. Co. of Am.* (1999), 86 Ohio St.3d 557, 715 N.E.2d 1142. In its recent decision in *Westfield Ins. Co. v. Galatis*, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256, however, the Ohio Supreme Court limited its decision in *Scott–Pontzer* to apply only where an employee's loss is within the course and scope of employment and overruled *Ezawa*.

{¶ 8} Under *Galatis*, "a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment." Id. at ¶ 62.

{¶ 9} In this case, Denise Treadway's automobile accidents were unrelated to her husband's employment with Noble Norman. Therefore, the Citizens insurance policies issued to Noble Norman do not provide coverage here. Accordingly, the trial court properly granted summary judgment in favor of Citizens.

{¶ 10} Moreover, even if *Galatis* had not limited *Scott–Pontzer* as discussed above, it is apparent that the rationale behind the decision in *Scott–Pontzer* does not apply here. As demonstrated in Citizens' motion for summary judgment, all of the Citizens' policies at issue contain a "Named Insured Declaration" that clearly identifies specific individuals as "Other Named Insureds," thereby removing the ambiguity found in *Scott–Pontzer*. Accordingly, the policies are outside the scope of *Scott–Pontzer*, even before its limitation by *Galatis*, and, therefore, appellants do not qualify as "insureds" under the terms of the policies. Therefore, the trial court properly granted summary judgment in favor of Citizens.

Judgment affirmed.

ROCCO, J., concurs.

KILBANE, J., concurs in judgment only.