OPINION
{¶ 1} National Union Fire Insurance Company is appealing the judgment of the Montgomery County Common Pleas Court, which denied its motion for summary judgment, on the uninsured/underinsured motorist claims brought by David Nies, Jr. and his family.
 {¶ 2} David Nies, Jr. was injured in an automobile accident on June 27, 1999. Initially, the lawsuit was brought against the driver of the other vehicle involved in the collision. However, in January of 2000, Emery Air Frieght, Nies's spouse's employer, was added as a defendant to the suit in order to obtain information regarding who was Emery's insurer. This was later determined to be National Union Fire Insurance Company of Pittsburgh, PA (hereinafter "National"), who was later added as a defendant.
 {¶ 3} In January of 2002, National filed a motion for summary judgment that was denied by the trial court, which held that UM/UIM coverage arose by operation of law. National and the Nies family eventually entered into a hi-low settlement agreement depending upon this Court's determination of whether the trial court erred in overruling National's motion for summary judgment.
 {¶ 4} National has raised the following assignments of error:
 {¶ 5} "I. The trial court erred in denying national union's motion for summary judgment as neither heather Nies or david Nies were insureds under the national union policy.
 {¶ 6} "II. The trial court erred in denying national union's motion for summary judgment as Emery Air Freight Corporation was self-insured.
 {¶ 7} "III. The trial court erred in denying national union's motion for summary judgment since emery air freight selected UM/UIM coverage only for autos owned by emery.
 {¶ 8} "IV. The trial court erred in denying national union's motion for summary judgment since david nies was not occupying a covered auto."
Appellant's first assignment of error:
 {¶ 9} National argues that pursuant to the Ohio's Supreme Court's recent decision in Westfield v. Galatis (2003), 100 Ohio St.3d 216,2003-Ohio-5849, Nies was not an insured under the policy at issue. We agree.
 {¶ 10} This action against National was brought as a claim spawned out of the Ohio Supreme Court's decision in Scott-Pontzer v. Liberty Mut.Fire Ins. Co. (1999), 85 Ohio St.3d 660. Scott-Pontzer had held that certain automobile insurance policies issued to companies could be found to cover employees as insureds. As such, the Scott-Pontzer court held that the insurance company was required under Ohio law to offer uninsured/underinsured motorist insurance and failure to do so resulted in uninsured/underinsured motorist coverage arising under operation of law. Therefore, the Scott-Pontzer court said that under the wording of certain commercial automobile policies an employee could have uninsured/underinsured motorist coverage while engaging in their own personal affairs by the employer's insurance policy. The Supreme Court elaborated on Scott-Pontzer in Ezawa v. Yasuda Fire Marine Ins. Co. ofAm., 86 Ohio St.3d 557, 1999-Ohio-124. In Ezawa, the Court stated that the insurance policy issued to the employer could be interpreted to include family members of employees as insureds under the policy and therefore that employee's family member could be covered under uninsured/underinsured motorist insurance policy issued to the employer.
 {¶ 11} However, the Ohio Supreme court dramatically reversed itself in 2003 in its opinion in Galatis, supra. In Galatis, the Court held:
 {¶ 12} "2. Absent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment. * * *
 {¶ 13} "3. Where a policy of insurance designates a corporation as a named insured, the designation of `Family members' of the named insured as other insureds does not extend insurance coverage to a family member of an employee of the corporation, unless that employee is also a named insured. (Ezawa v. Yasuda Fire Marine Ins. Co. of Am. [1999],86 Ohio St.3d 557, 715 N.E.2d 1142, overruled.)"
 {¶ 14} Therefore, National argues that Galatis should be applied to this case to find that Nies was not an insured under the policy. However, Nies argues that National failed to raise the issue of whether he was an insured under the policy until this appeal. Nies asserts that because the issue was not raised before the trial court, the issue is waived on appeal. However at National's urging we have examined their motion for reconsideration filed with the trial court on August 9, 2002. In its motion seeking to have the trial court reconsider its decision on National's motion for summary judgment, National specifically argued that Nies was not an insured under the National policy. Thus, we find that National did raise the issue of whether Nies was an insured under the policy before the trial court. As such, the issue is not waived and we will consider on appeal whether Nies was an insured under the National policy.
 {¶ 15} As stated above, National argues that the Supreme Court's decision in Westfield removes any basis for Nies' contention that he was insured under the National policy. We agree. The named insured on the National policy was Emery Air Freight. As Nies was not an employee of Emery, let alone an employee acting in the course and scope of his employment, Nies cannot be an insured under the National policy pursuant to Westfield. Therefore, the trial court erred in denying National's motion for summary judgment because Nies was not covered by the National policy. National's first assignment of error has merit and is sustained.
 {¶ 16} This Court's decision on the first assignment of error renders the remainder of National's assignments of error moot.
 {¶ 17} The judgment of the trial court is reversed and remanded for a grant of summary judgment in National's favor.
Brogan, P.J. and Fain, J., concur.
(Hon. Frederick N. Young sitting by assignment of the Chief Justice of the Supreme Court of Ohio).